S. S. SMITH ET AL. V. BENJAMIN GARDNER ET AL.

36   741'
60   523

FILED APRIL 26, 1893.   No. 4975.

1. **Promissory Note:** POSSESSION BY MAKER AFTER MATURITY: PRESUMPTION OF PAYMENT. The possession of a promissory note by the maker after maturity thereof is *prima facie* evidence of payment.

2. ——: ——: ——: INSTRUCTIONS. But the force of the presumption of payment from the possession of a note by the maker depends upon the circumstances of the particular case. It is error, therefore, to instruct the jury that possession of a note raises a strong presumption of payment or is a strong circumstance to prove payment.

ERROR from the district court of Greeley county. Tried below before HARRISON, J.

*T. J. Doyle*, for plaintiffs in error.

*G. C. Wright* and *E. E. Wright, contra.*

Post, J.

This action was commenced in the county court of Greeley county by the plaintiffs in error to recover on a note for $75, executed by Margaret Green and Benjamin Gardner, payable to the order of E. D. Barrett, and taken to the district court of said county by appeal.    Mrs. Green having died in the meantime, the action was revived in the name of the other defendant as her executor.

There are two defenses suggested by the answer: First, failure of consideration; and, second, payment; but inasmuch as the first defense was abandoned at the trial, it does not call for further notice in this connection.    A trial in the district court resulted in a verdict and judgment for the defendants, which it is sought to reverse by petition in error to this court.

The first contention of the plaintiff in error is that there is no sufficient allegation of payment in the answer, which is as follows: "And the defendants as a separate defense say that the note declared upon has been fully satisfied and delivered to the defendants for cancellation."    It must be confessed that the foregoing allegation is exceedingly indefinite and ambiguous when construed as a plea of payment.    The statement that the note has been fully satisfied is certainly a conclusion of law, but we think from the allegation that it was delivered up to defendants for cancellation, the inference of payment is warranted.    The proof relied upon to sustain the claim of payment is the fact that after the death of Mrs. Green the note in suit was found among her papers, while Mr. Smith, one of the plaintiffs, testified positively that the note had never been paid, but that the deceased obtained it from his possession on the pretense that she wished to examine it and fraudulently refused to surrender it.    Upon the introduction of the foregoing evidence the court, among others, gave the following instruction, to which exception was taken:

"You are further instructed that the possession of the note by Margaret Green is a strong circumstance to show payment unless explained by the plaintiffs in the action."

We think the giving of the above instruction was error. We do not question the soundness of the proposition that possession of a note by the maker thereof after maturity is *prima facie* evidence of payment, but what is denominated a presumption of payment in such a case is a mere logical inference from the fact of possession, and may be strong or weak, according to the circumstances of the particular case.

Wharton defines a presumption of fact as "a logical argument from fact to fact." (2 Wharton, Ev., sec. 1226.) And in the same volume, section 1237, the author in defining presumption of law as distinguished from presumption of fact uses this language: "The conditions to which are attached presumptions of law are fixed and uniform, those which give rise to presumptions of fact are inconstant and fluctuating."

*Prima facie* evidence is defined by Starkie as "that which, not being inconsistent with the falsity of the hypothesis, nevertheless raises such a degree of probability in its favor that it must prevail if it be credited by the jury, unless it be rebutted or the contrary proved." (Stark., Ev. [10th Am. ed.], 818.)

Possession of the note by the deceased at the time of her death is not only a circumstance tending to prove payment; but from which payment would ordinarily be the logical inference. It is, therefore, proper in such a case to instruct the jury that possession is presumptive or *prima facie* evidence of payment, which will, if uncontradicted or unexplained, warrant a verdict in favor of the party alleging it. But the force of such presumption must always depend upon the circumstances of the case. (*Larimore v. Wells*, 29 O. St., 13.) It is error, therefore, to advise the jury that possession of a note by the maker raises a strong presump-

tion of payment, or is a strong circumstance to prove payment.

An important question presented by the record is not discussed in the briefs of counsel, and is, for that reason, not determined, viz., whether the identification of the note by executor and its introduction in evidence for the purpose of proving payment by deceased to the plaintiffs is such a foundation as will qualify the latter, under section 329 of the Code, to testify as a witness, and to explain the means by which the deceased obtained possession of the note.

REVERSED AND REMANDED.

THE other judges concur.