DAVID R. BUSH ET AL. V. BANK OF COMMERCE.

FILED NOVEMBER 21, 1893. No. 5175.

1. An amendment of an answer to meet the proofs was properly refused when such amendment, taken in connection with the other averments of the answer, even if clearly proved, constituted no defense.

2. Motion for New Trial: PREJUDICE OF JUDGE: EVIDENCE. Where a motion for a new trial was predicated upon the alleged prejudice of the judge to whom a trial of the cause had been had, it was not error to overrule said motion when there was no proof to support its allegations.

3. Trial in County Court: WITHHOLDING JUDGMENT: HARMLESS ERROR: REVIEW. After introduction of the evidence, the case was taken under advisement for four days by the county judge to whom it had been tried, and on the fourth day the defendants appeared and moved for leave to amend their answer to conform to the proofs; and it appearing that the note upon which the suit had been brought could not be found, the parties stipulated that a copy should be used in evidence. *Held,* That even if it was error to withhold judgment for four days, the above facts show that the case was not finally submitted for judgment until the fourth day, being that upon which judgment was rendered.

ERROR from the district court of Johnson county. Tried below before BROADY, J.

The opinion contains a statement of the case.

*A. M. Appelget,* for plaintiffs in error:

It was error to overrule the motion for leave to amend defendants' answer. (Sec. 14, ch. 32, Comp. Stats.; *Loeb v. Millner,* 21 Neb., 392.)

The county court is controlled by the same law in the entering of judgments as is a justice of the peace, and must render judgment within four days from the time of trial.

(Sec. 1002, Code; *Cox v. Tyler,* 6 Neb., 297; *State v. Smith,* 11 Neb., 239; *Vaughn v. O'Conner,* 12 Neb., 478.)

*L. C. Chapman* and *B. F. Perkins, contra.*

RYAN, C.

On the 7th day of December, 1889, Ross & Bush executed and delivered to the Bank of Commerce, of Hemingford, Nebraska, their promissory note for $1,596.41, payable January 7, 1890. To secure payment of this note the makers thereof made a chattel mortgage contemporaneously with the making of the note. Default was made in the payment of the note, and the mortgage was foreclosed, leaving unpaid after the sale of the mortgaged chattels a large balance, for which judgment was subsequently rendered in the sum of $858.39, on April 15, 1891, in the county court of Johnson county, Nebraska.

1. It is argued that the county court erred in refusing to permit an amendment of defendants' answer in conformity with the proofs. It is insisted that these proofs were, that the mortgage was not filed in the county wherein the mortgagors had their residence. The filing, however, was not necessary to the validity of the mortgage as between the original parties thereto; hence the proposed amendment presented no defense, even if supported by the proofs, and the court did not err in refusing to allow it to be filed. (*Horbach v. Marsh,* 37 Neb., 22.)

2. The petition of the plaintiffs in error stated the next ground of complaint in the following language: "That the court erred in overruling the motion of the defendants [plaintiffs in error] asking for a new trial on the ground of the partiality of the judge trying said cause, and undue means used in obtaining said judgment." This assignment might be disposed of upon other grounds, but it is deemed but fair to the county judge, who tried this cause, to say that this imputation of unfairness is unsupported by any

proof, even if the affidavit of S. D. Porter, found in the record, should be considered for all that it contains. The language thereby imputed to the county judge was only that if he decided in favor of the defendants the public would assume that it was for such defendants solely because one of the defendants was a county officer, and outside parties could not get justice against a county officer. The affiant, however, expressly stated that he did not understand the county judge to say that the outside opinion referred to would influence his judgment in deciding the case. Upon this sort of a showing the county judge very properly ignored the imputation of bias or prejudice. The verdict of a jury could not be impeached by such a showing as applying to one or more jurors. It was little if anything short of impertinence to make it to the judge to impeach his judgment. No matter what this affidavit disclosed, however, it cannot be considered in this court for the very sufficient reason that it was never incorporated in a bill of exceptions.

3. The last error argued is, that the county court rendered judgment four days after the case was taken under advisement. It seems, however, that on the said fourth day defendants filed a motion for leave to amend their answer, which the court passed upon, after which the record recites that "the note being mislaid, the court issued judgment on the copy pending an agreement of attorneys to stipulate. Wherefore it is by me this 15th day of April, 1891, considered and adjudged," etc. If a conjecture could safely be hazarded as to the meaning of the above language, it would be that the note being lost, the attorneys stipulated that a copy might be used as evidence, and in all probability that is what was really done. If this assumption is correct, the final submission did not actually take place until the date of the judgment. This is not a matter of great moment, however, for if there was, as plaintiffs in error claim, no valid judgment rendered on the 15th day of

April, 1891, this proceeding would of necessity be dismissed because of that fact. The judgment of the district court is

AFFIRMED.