## D. D. DAVIS v. GEORGE W. LAMBERT.

FILED JUNE 3, 1903.   No. 12,879.

Instruction: WEIGHT OF EVIDENCE: QUESTION FOR JURY. The weight and credibility of testimony are to be exclusively determined by the jury; and an instruction that "evidence as to the genuineness of handwriting is generally regarded as of a weak and unsatisfactory character" is erroneous; and it is not less so because of the fact that there is such evidence on both sides of the issue.

ERROR to the district court for Nemaha county: JOHN S. STULL, DISTRICT JUDGE. *Reversed.*

*George W. Cornell* and *Fred G. Hawxby,* for plaintiff in error.

*H. A. Lambert, contra.*

AMES, C.

This is an action upon a promissory note. The defense is a denial that the purported signature of the defendant, who is admittedly bound, if at all, only as surety, is genuine. On the trial a great many witnesses on both sides testified as experts concerning the genuineness of the disputed signature, a large numerical majority of them favoring the contention of the defendant. At the instance of the plaintiff the court gave to the jury the following instruction which was excepted to.

"You are instructed that the evidence as to the genuineness of handwriting is generally regarded as of a weak and unsatisfactory character, not only from the exactness with which handwriting may be imitated, but also on account of the dissimilarity to be found in different specimens of the handwriting of the same person, executed at different times and under different circumstances. The evidence as to handwriting should be considered by you in connection with all the other facts and circumstances surrounding the case, which are in evidence before you. You should give the evidence of each witness such credit as you deem it entitled to, taking into consideration the sources of his knowledge and the fact as to how well acquainted he is with the handwriting of the defendant and the frequency of the times at which he has seen the defendant write, and the different circumstances under which he has observed his writing or his signature."

We think the giving of this instruction was error prejudicial to the defendant, who was defeated below and who prosecutes this proceeding. The instruction does not differ essentially from one that suffered unanimous disapproval at the hands of this court in *Hayden v. Frederickson,* 59 Neb. 141.

The defendant in error seeks a discrimination between the two cases in the respect, that in the case cited the expert testimony referred to appears to have all been introduced in behalf of one party, while in the present in-

stance, both parties offered evidence of that character; hence, he says, neither can be supposed to have been regarded by the jury as falling under the greater condemnation. This reasoning seems to us to be fallacious. Counsel for defendant in error will hardly contend that the court by expressly withdrawing from the jury the consideration of all expert testimony would not have committed reversible error. The jury had an undoubted right to consider it and to determine its credibility and preponderance in like manner as, and in connection with, all the other evidence before them. But, if this is so, then a partial withdrawal of this testimony or, what amounts to the same thing, a partial discrediting of it would work at least a proportional injustice. It is conceivable that it might do a much more grievous wrong. If, in the absence of such an instruction, the jury would have looked upon the expert testimony as preponderating largely on either side, they might not unreasonably have considered such a criticism of it by the court as an admonition to them to disregard such preponderance, or at any rate to treat it as of little or no significance. We are of opinion, therefore, that the fact that there was such testimony on both sides does not purge the instruction of its vice. But the depreciatory language of the instruction is not confined to expert testimony, but applies equally to all "the evidence as to the genuineness of handwriting," and includes within its condemnation the sworn denial of the truthfulness of his reputed signature by the defendant himself. In its literal significance it comes as nearly as possible to telling the jury that the defense is one which is to be considered as discredited in advance, and that something more than a preponderance of the evidence is required to maintain it.

There are other errors assigned which, in our opinion, are sufficient to require a reversal of the judgment, but they are of such a nature and happened under such circumstances that they are not likely to recur upon a new trial, and we deem it not necessary to discuss them here.

It is recommended that the judgment of the district court be reversed and that a new trial be granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and that a new trial be granted.

REVERSED.