Kleutsch v. Security Mutual Life Ins. Co.

AUGUSTA O. KLEUTSCH ET AL. V. SECURITY MUTUAL LIFE
INSURANCE COMPANY.
SECURITY MUTUAL LIFE INSURANCE COMPANY V. AUGUSTA
O. KLEUTSCH ET AL.

FILED JUNE 9, 1904.   Nos. 13,191, 13,321.

1. **New Trial:** DISCRETION. The matter of granting new trials is one
of sound legal discretion, and, unless it appears that in granting
a new trial the court has been guilty of an abuse of discretion,
its order in that behalf will be affirmed.

2. ———: REVIEW. Where a second trial results in the same or a
like verdict as the first one, error cannot be predicated on the
order granting the new trial, because the party complaining can-
not be said to have been injured thereby.

3. **Instructions.** It is reversible error for the court, in its charge to
the jury, to give undue prominence to a portion of the testi-
mony by special reference thereto—to state to the jury what
weight shall be given it, and comment on its strength or pro-
bative force.

ERROR to the District court for Lancaster county:
EDWARD P. HOLMES AND ALBERT J. CORNISH, JUDGES.
*Order granting new trial affirmed. Judgment on second
trial reversed.*

*Talbot & Allen,* for plaintiffs in error, Kleutsch et al.

*Sawyer & Snell, contra.*

BARNES, J.

Augusta O. Kleutsch, by her guardian and next friend,
and Katherine Kleutsch Mills, commenced an action in the
district court for Lancaster county, against the Security
Mutual Life Insurance Company of Lincoln, Nebraska, on
a policy issued by that company on the life of one George
W. Kleutsch, the plaintiffs being the beneficiaries. The
case was first tried before his honor, Judge Holmes, and a
verdict returned in favor of the plaintiffs for the amount

named in the policy. This verdict was set aside and a new trial granted, and from that order the plaintiffs prosecute error. The case was again tried before his honor, Judge Cornish, and a verdict again returned for the plaintiffs. From an order denying a new trial and a judgment on the verdict, the defendant prosecutes error. These two cases have been argued and presented together, and will hereafter be treated as one action.

The plaintiffs contend that the district court erred in setting aside the first verdict and granting a new trial, and this assignment of error will be first disposed of.

It is true that error will lie in some cases from the order of the district court granting a new trial. In *Tingley v. Dolby*, 13 Neb. 371, it was held that, where there is no sufficient cause for granting a new trial, the granting of the same is clearly error, and is reviewable by the supreme court. See also *Sang v. Beers*, 20 Neb. 365; *Gibson v. Gibson*, 24 Neb. 394. But it is also true that, unless it finally disposes of the case, error will not lie from an order granting a new trial. It is likewise a well settled rule of law that the granting of a new trial is largely a matter of discretion with the trial court, and unless there appears to have been a clear abuse of a legal discretion, an order granting a new trial will not be disturbed by a court of review. The grounds on which the order complained of was made were newly discovered evidence, and the insufficiency of the evidence to sustain the verdict, and from an examination of the record of the first trial we are unable to say that the court abused its discretion in granting a new trial therein. Again, in the case at bar, it appears that the new trial resulted in the same or like verdict for the plaintiffs, therefore they were not injured by the order complained of. The error, if any, was without prejudice, and the ruling is therefore affirmed.

We come now to consider the assignments of error presented by the defendant company. It appears that on the second trial the court instructed the jury as follows:

"In this case the burden of proof is upon the plaintiffs to

establish by a preponderance of evidence the payment of
the second premium on the policy in suit, which premium
was due November 28, 1900, and on which a grace of 30
days in payment was allowed by the terms of the policy.
To prove payment the plaintiffs produced the defend-
ant's receipt for the same.  A receipt is evidence of a high
grade, to be overcome only by clear and convincing testi-
mony.   On the other hand it constitutes only *prima facie*
evidence of what it contains, and it is entirely competent
and proper for the defendant company to show that the
payment in fact was not made, and that the receipt was
issued by mistake."

Defendant contends that this instruction was erroneous;
that it was wrong in this, that the court should not have
told the jury that "a receipt is evidence of a high grade,
to be overcome only by clear and convincing testimony."
And it would seem that by this statement the court called
the attention of the jury directly to this part of the testi-
mony; in fact, singled it out, commented on its character
and weight, and stated that it could only be overcome by
clear and convincing evidence.  This must have left the im-
pression that the testimony of the defendant's witnesses,
by which they attempted to explain the existence of the re-
ceipt, how it came to be issued, and in which they stated
positively that the premium which it represented was
never paid, was not evidence of such a high grade as the
receipt itself, and the jury might therefore well conclude
that the *prima facie* evidence of payment, to wit, the re-
ceipt itself, was not overcome thereby.  Whatever may be
the rule in other jurisdictions, we have frequently held that
it was error to single out and to direct the attention of the
jury to any particular part of the evidence, and comment
on its weight or probative force.  In *Smith v. Gardner*, 36
Neb. 741, the question involved was, whether a certain
promissory note had been paid.  After the death of one of
the defendants, the note was found among her papers.  The
plaintiff testified positively that the note had never been
paid, but that the deceased had obtained possession of it

on the pretense of examining it, and thereafter fraudulently refused to surrender it. The trial court gave the following instruction: "You are further instructed that the possession of the note by Margaret Green is a strong circumstance to show payment unless explained by the plaintiffs in the action." The court, speaking through POST, J., held this instruction error, and in commenting thereon said:

"We think the giving of the above instruction was error. We do not question the soundness of the proposition that possession of a note by the maker thereof after maturity is *prima facie* evidence of payment, but what is denominated a presumption of payment in such a case is a mere logical inference from the fact of possession, and· may be strong or weak, according to the circumstances of the particular case. * * * Possession of the note by the deceased at the time of her death is not only a circumstance tending to prove payment, but from which payment would ordinarily be the logical inference. It is therefore proper in such a case to instruct the jury that possession is presumptive or *prima facie* evidence of payment, which will, if uncontradicted or unexplained, warrant a verdict in favor of the party alleging it. But the force of such presumption must always depend upon the circumstances of the case. It is therefore error to advise the jury that possession of a note by the maker raises a strong presumption of payment or is a strong circumstance to prove payment."

In *Smith v. Meyers,* 52 Neb. 70, which was an action for criminal conversation, the trial court refused to instruct the jury that, "if you find from the evidence that the plaintiff continued to live with his wife after he has heard of her alleged illicit connection with the defendant, the jury is justified in concluding that the plaintiff has condoned the offense of the wife, and this circumstance is entitled to great weight in considering the question of damages the plaintiff has sustained by the wrongful conduct of the defendant, provided the jury shall believe that the de-

fendant has, in fact, committed any wrong against the plaintiff."

This was assigned as error, and in determining that question the court said:

"This instruction was properly refused, because loss of comfort and society of the wife were not the only injuries for which compensatory damages could be awarded. Again, it was not the province of the court to tell the jury what circumstance was 'entitled to great weight.' It was for the jury alone to determine the weight to be given the testimony."

In *Hayden v. Frederickson*, 59 Neb. 141, the court said:

"The following instruction was given at the request of the plaintiff below: 'The court further instructs the jury that it is your duty to consider the opinion and expert evidence in this case the same as the evidence of other witnesses. However, the court further instructs you that such opinion and expert evidence is of the very lowest order, and is the least satisfactory, and the jury should not permit such opinion and expert evidence to overthrow positive and creditable evidence of creditable witnesses, who have testified in this case of their own personal knowledge.' This instruction was bad, and should not have been given. The defendants had the right to have the jury consider the testimony of their expert witnesses without any admonition from the court that 'expert evidence is of the very lowest order, and is the least satisfactory.' It was for the jury alone to determine the weight to be given such evidence."

In *Skow v. Locke*, 3 Neb. (Unof.) 176, it was said: "Complaint is next made that the trial court should not have instructed the jury as follows: 'The jury are instructed that where the testimony of witnesses is irreconcilably conflicting they should give great weight to the surrounding circumstances in determining which witness is entitled to credit.' This is complained of because it did not confine the attention of the jury to the surrounding circumstances proved at the trial, and also because it sought

to instruct them what weight to attach to these circumstances. Defendant in error replies that the instruction complained of was just as good for one party as the other and did not prejudice plaintiff in error; and also says that the cases cited by plaintiff in error are not in point on a general instruction, such as the one complained of. * * * We are constrained to think that the learned trial judge erred in expressing an opinion as to the degree of weight to be attached to the surrounding circumstances in determining the credibility of witnesses."

In *First Nat. Bank v. Lowrey*, 36 Neb. 290, where the issue was fraud, the jury was told that certain matters particularly mentioned by · the instruction were strong evidence of ·a secret trust, and this was held prejudicial, because of the singling out of particular evidence on one side. The same rule is announced in *Gillet v. Phelps,* 12 Wis. 437; *Wilcox v. Young,* 66 Mich. 687. See also *Davis v. Lambert*, 69 Neb. 242.

It thus appears that we are fully committed to the rule that it is error to single out a particular part of the evidence and express an opinion as to its weight, its strength or its probative force. In the case at bar the only question in issue was, whether or not the premium on the policy in suit had been paid for the year 1900. The plaintiffs produced the receipt in question as their proof of such payment. The defendant produced the officers of the company who had charge of its business, as witnesses, and especially its secretary who, it was claimed, had executed and delivered the receipt, in order to explain its existence and overcome its effect. This witness testified positively that the receipt was made out by mistake and enclosed in a letter to the assured, which contained the policy as changed; that it was intended to evidence the payment of the full amount of the premium for the year 1899. In addition to such positive statement, the witness gave evidence of facts surrounding the issuance of the policy, which at least tended to corroborate his further statement that the premium for the year in question was never paid.

With the evidence in this condition, the jury were told that the receipt was a "high grade" of evidence "to be overcome only by clear and convincing testimony." It is true that this was followed by a fairly correct statement of the law; and yet we are unable to say that the jury were not influenced to the defendant's prejudice thereby. The instruction appears to fall within the rule announced in the cases above cited, and is not distinguishable from the instructions therein condemned. It thus clearly appears that the court erred in giving the instruction quoted.

As the case will be tried again, it is neither necessary nor proper for us to comment on the weight of the evidence, or discuss any of the other assignments of error contained in the record. For the giving of the instruction complained of, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.