TED WELLS V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1931. No. 28037.

*Loren H. Laughlin,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle,* · *contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

Plaintiff in error was prosecuted in the district court for Gage county on a complaint charging him in the first count with unlawful possession of intoxicating liquor and in the second count with unlawful transportation of intoxicating liquor in an automobile. The plaintiff in error was convicted by a jury on both counts and was sentenced to pay a fine of $100 on the first count and to serve 60 days in the county jail on the second count, and the court also ordered the automobile used by plaintiff in error for the transportation of liquors to be confiscated. The plaintiff in error brings error proceedings in this court.

The first proposition of error relied upon by the plaintiff in error is that he was convicted of both possession and transportation charges, where no possession, independent of transportation, is shown by the evidence. The evidence discloses that the deputy sheriff and his assistant secreted themselves and their automobile along the public highway in Gage county, Nebraska, and shortly thereafter the plaintiff in error drove his car past them, turned the corner of the highway and stopped. The officers drove up and commanded him to surrender. He gave flight and was pursued by the officers, who fired at the car. During his flight, plaintiff in error was observed by the officers to throw four gallon tin cans out of his car. These were recovered and produced at the trial and were shown to contain intoxicating liquor. Plaintiff in error in his flight drove into a farm yard and attempted to conceal himself but was captured by the officers.

In *Haarmann v. State,* 111 Neb. 790, it was held that a defendant may be convicted of both unlawful possession and unlawful transportation of intoxicating liquor, where the evidence shows that the defendant remained in possession of liquor after his transportation of it had ceased. We do not think the evidence is sufficient to warrant the assumption that the transportation had ceased in the present case, but that at time of arrest he was in flight in an attempt to transport the same. The fact that the car stopped momentarily does not conclusively prove that the transportation was complete. The possession was only incidental to the transportation. The motion of plaintiff in error, made at the close of the state's case, to dismiss the first count of the complaint should have been sustained.

The next assignment of error is that the court prejudicially erred in instructing the jury in instruction No. 8, as follows:

"The jury are instructed that by the term '*prima facie* evidence' of a fact is meant such as establishes the fact, and, unless rebutted or explained by the evidence, it becomes conclusive and is to be considered as if fully proved.

"You are further instructed that this does not relieve the state of proving beyond a reasonable doubt every element of the offense charged in the complaint. You are, however, instructed that at all times the burden of proof is upon the state to prove beyond a reasonable doubt every essential element of the offenses charged in the complaint."

The first paragraph of this instruction is inaccurate and technically erroneous. *Prima facie* evidence is not conclusive evidence in a criminal prosecution. "*Prima facie* evidence is sufficient to support a verdict in favor of the party by whom it is introduced where no controverting evidence is introduced by the adverse party." 23 C. J. 9. See *Eckman Chemical Co. v. Chicago & N. W. R. Co.,* 107 Neb. 268, and *Smith v. Gardner,* 36 Neb. 741. A *prima facie* case is not necessarily conclusive before the jury in a criminal case, since the state may make a *prima facie* case which enables it to go before the jury, and yet defendant

may be acquitted by the jury for want of evidence of proof beyond a reasonable doubt. *Griffith v. Arnold & Rasmussen*, 204 Ia. 1216.

This instruction is referable only to the question of fact as to the defendant's guilt of the illegal possession of liquor as charged in the first count of the information. The judgment and conviction of the defendant on the first count is reversed and the same is dismissed for the reason that the only possession of the defendant was incidental to transportation. This instruction was not applicable to any question of fact to be determined relative to illegal transportation in the second count, as to which the judgment is affirmed. Therefore, the giving of this erroneous instruction was not prejudicial in this case and does not require a reversal of the judgment.

The next proposition on which plaintiff in error relies for reversal is that the verdict was a general one of guilty as charged in the complaint, instead of a specific finding of guilty on each count. This verdict clearly indicates, beyond a reasonable doubt, that it was the intention of the jury to find plaintiff in error guilty on each count of the information and is sufficient to justify a sentence on each count. Where there is one good count sustained by the proof, a general verdict of guilty will be referred to and sustained by it, although there are other counts in the complaint which are defective or unsupported. 16 C. J. 1106.

The judgment of conviction of plaintiff in error on the first count of the information is reversed and same dismissed; and the judgment of conviction on the second count is sustained.

REVERSED IN PART AND AFFIRMED IN PART.