MERLIN OLSON, BY HIS MOTHER AND NEXT FRIEND, MARTHA OLSON, APPELLEE AND CROSS-APPELLANT, V. THOMAS SHELLINGTON, APPELLANT AND CROSS-APPELLEE.

75 N. W. 2d 709

Filed March 30, 1956. No. 33841.

*Budd B. Bornhoft, Davis, Healey, Davies & Wilson,* and *Robert A. Barlow,* for appellant.

*Harry N. Larson* and *Wear, Boland & Mullin,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action brought by Martha Olson, mother and next friend in behalf of Merlin Olson, a minor, plaintiff, in the district court for Dixon County against Thomas Shellington, defendant, for damages for injuries sustained by Merlin Olson while riding as a guest in a car driven by Thomas Shellington.

The case was tried to a jury. The jury returned a verdict as follows: "We, the Jury duly impanelled and sworn in the above entitled cause do find for the plaintiff, Merlin Olson, by his mother and next friend, Martha Olson, and against the defendant, Thomas Shellington, and do fix the amount of plaintiff's recovery at the sum of $24,000.00. We find slight negligence on the part of the defendant." The statement "We find slight negligence on the part of the defendant" following the typewritten portion of the verdict was in the handwriting of one of the jurors.

The jury was polled and each juror answered in the affirmative that that was his verdict. The jury was discharged. The trial court thereafter entered an order for the jury to return on the date fixed in the order, to determine the intention of the jury in the statement which followed the typewritten portion of the verdict returned by the jury on March 18, 1955.

The defendant filed a motion to set aside the trial court's order recalling the jury, and motion for judgment for the defendant on the verdict. The plaintiff filed a motion for judgment for the plaintiff on the verdict. The jury was not recalled by the trial court,

but was released on the trial court's own motion. Thereafter the defendant filed his motion for judgment notwithstanding the verdict and the plaintiff filed an alternative motion for new trial and a supplemental motion for judgment for the plaintiff on the verdict. All of such motions were presented to the court, and the court found generally that the motions of the plaintiff, with the exception of his alternative motion for new trial, should be overruled; that the motions of the defendant above set forth should be overruled; that the court should, on its own motion, set aside the verdict as being a contradictory verdict; and that a new trial should be granted. All of the above proceedings were had during the same term of court. Pursuant to the findings of the trial court, a new trial was ordered and the defendant appealed.

Among the errors assigned by the defendant was that the trial court erred in overruling the defendant's motion for judgment on the verdict.

On cross-appeal to this court the plaintiff assigned as error that the trial court erred in overruling the plaintiff's motion for judgment on the verdict, and that the trial court erred in overruling the plaintiff's supplemental motion for judgment on the verdict.

This case was tried under the guest statute, section 39-740, R. R. S. 1943, which provides in part: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of such motor vehicle being under the influence of intoxicating liquor or because of the gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term 'guest' is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, * * *."

No question arises in this case but that under the

circumstances presented by the record the plaintiff was a guest in the defendant's automobile. In fact the plaintiff's petition charges the defendant with gross negligence in several respects.

The trial court, in its instructions, instructed the jury with reference to gross negligence and contributory negligence, and defined gross negligence, contributory negligence, slight negligence, ordinary care, proximate cause, and preponderance of the evidence, and further instructed fully on the issues involved in this case and the law applicable thereto.

The jury was furnished two forms of verdict, one as indicated above, finding for the plaintiff and assessing the amount of his recovery, the second form whereby the jury could return a verdict for the defendant. The jury returned the verdict as heretofore set out.

While contention is made by the defendant that the words "We find slight negligence on the part of the defendant" appended to the typewritten form of the verdict constitutes a special verdict and governs the general verdict, the plaintiff in his cross-appeal contends that the verdict is a general verdict and not a special verdict for the reason that a special verdict is by direction of the court or in answer to certain interrogatories given by the court to the jury to answer with respect to the verdict to be returned by it.

We deem the contentions raised by the parties as above stated are not necessary for determination of this appeal. The important question to determine here is whether or not the trial court, in considering the procedural matters presented to it and considering the verdict returned by the jury, properly and legally granted a new trial on its own motion.

The purpose of a new trial is to enable the court to correct errors that have occurred in the conduct of the trial. The district court has an inherent power as a matter of judicial discretion to consider assignments of error and to grant a new trial even though the motion

was not made within the time required by statute. In this case the alternative motion for a new trial on the part of the plaintiff was made within the same term that the case was tried. The inherent power of the court to grant a new trial is limited to those situations where prejudicial error appears in the record of the proceedings. It expires with the term of court at which the judgment was rendered. The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion. A new trial is to be granted for a legal cause and where it appears that a legal right has been invaded or denied. The alleged errors that may be considered in the district court are those which appear in the record of the proceedings which resulted in the verdict and judgment about which complaint is made and which are called to the attention of the trial court by motion or appropriate pleading. See Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. See, also, Tomer v. Densmore, 8 Neb. 384, 1 N. W. 315; Tingley v. Dolby, 13 Neb. 371, 14 N. W. 146; Bush v. Bank of Commerce, 38 Neb. 403, 56 N. W. 989; Bee Building Co. v. Dalton, 68 Neb. 38, 93 N. W. 930; Kleutsch v. Security Mutual Life Ins. Co., 72 Neb. 75, 100 N. W. 139; Trute v. Holden, 118 Neb. 449, 225 N. W. 238; all of which are cited in Greenberg v. Fireman's Fund Ins. Co., *supra,* on this point.

In the instant case the trial court had a legal reason for finding the verdict to be a contradictory verdict and, in the exercise of its sound judicial discretion, in granting a new trial. It is obvious that the verdict is contradictory and ambiguous when considered in connection with the issues contained in the pleadings and in the instructions given by the trial court, and is in violation of the instructions given by the trial court. The following is applicable.

Modern practice recognizes that a new trial may be ordered because of the jury's neglect to follow the

court's instructions as to the law governing the case. The court charges the jury as to the law by which it is to be governed, and if it fails to comply with the instructions, the verdict will be set aside. See 39 Am. Jur., New Trial, § 126, p. 135.

It is the duty of a jury to find its verdict in accordance with the law as given in the instructions of the court. When it clearly violates this duty, the court should set aside the verdict. See Omaha & R. V. Ry. Co. v. Hall, 33 Neb. 229, 50 N. W. 10. See, also, Aultman v. Reams, 9 Neb. 487, 4 N. W. 81.

For the reasons given herein the order of the trial court in granting a new trial is sustained, and the judgment of the trial court in so doing is affirmed.

AFFIRMED.