EDNA HARMAN, ADMINISTRATRIX OF THE ESTATE OF WAYNE HARMAN, DECEASED, APPELLEE, v. EDWARD SWANSON, APPELLANT, IMPLEADED WITH PAUL CHRISTENSEN ET AL., APPELLEES.

100 N. W. 2d 33

Filed December 18, 1959. No. 34651.

*Wallace W. Angle* and *Joseph Ach,* for appellant.

*Nelson, Harding & Acklie* and *Chambers, Holland, Dudgeon & Hastings,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover damages for the wrongful death of Wayne Harman, deceased. Plaintiff as the administratrix of the estate of Wayne Harman, deceased, recovered a judgment for $1,925 on the first cause of action for damages resulting to Edna Harman, widow of the deceased, and for $910 on the second cause of action for funeral, hospital, and medical expenses. The trial court granted a new trial and the defendant Swanson has appealed.

It is the contention of the defendant Swanson that the trial court erred in granting a new trial. The record discloses that after the return of the jury's verdict the defendants, nor any of them, filed a motion for a new trial. The plaintiff filed a motion in which she moved the court, notwithstanding the verdict, to grant an additur to the verdict as to the first cause of action in the amount of $13,075, and to enter judgment thereon in the amount of $15,000, or, in the alternative, to grant a new trial on the first cause of action, limiting such new trial to a determination of damages to the plaintiff because of the inadequacy of that portion of the verdict. The trial court denied the motion for the additur to

the verdict and denied also the motion for a new trial of the first cause of action limited to the question of damages. The trial court then granted a new trial of the whole case. The defendant Swanson appealed from the order of the trial court granting a new trial and asserts that the trial court was without authority to grant a new trial at a subsequent term of court. The plaintiff cross-appealed, contending that the trial court erred in overruling her motion for an additur to the verdict and in denying a new trial on the first cause of action limited to the question of damages.

The verdict was returned on October 1, 1958, and plaintiff's motion for an additur and for a limited new trial of the first cause of action was filed on October 11, 1958. The term of court at which the case was tried adjourned sine die on March 9, 1959. The order granting a new trial was rendered on April 2, 1959, and journalized on April 14, 1959. It is clear therefore that the order granting a new trial was entered in a term of court subsequent to that in which the case was tried and the motion filed.

The purpose of a motion for a new trial is to afford the trial court an opportunity to correct errors that have occurred in the conduct of the trial. The trial court has inherent power over its judgments to correct errors and mistakes therein even to the extent of granting a new trial where such is necessary, whether or not a new trial is requested or a motion for a new trial is filed. Such inherent power to grant a new trial is limited to those situations where prejudicial error appears in the record. Its inherent power to act, however, expires with the term of court at which the judgment was rendered. Olson v. Shellington, 162 Neb. 325, 75 N. W. 2d 709. It is clear that the trial court was without authority to grant a new trial by virtue of its inherent power since the term of court had expired at which the judgment was entered.

The trial court does have authority to grant a new

trial at a subsequent term for the reasons stated in section 25-2001, R. R. S. 1943, one of which reasons is: "by granting a new trial of the cause within the time and in the manner prescribed in sections 25-1143 and 25-1145." In Elvidge v. Brant, 131 Neb. 1, 267 N. W. 169, we said: "While the motion was filed during the same term at which confirmation was had, nothing had been done to secure action upon it and several terms of court have succeeded. The matter must come within some of the provisions of section 20-2001, Comp. St. 1929 (now § 25-2001, R. R. S. 1943), to authorize the vacation of the order at a subsequent term. This comes within none of those provisions. 'After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate the judgment except for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929 (now chapter 25, art. 20, R. R. S. 1943).'" See, also, Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197; Meade Plumbing, Heating & Lighting Co. v. Irwin, 77 Neb. 385, 109 N. W. 391. The question then is whether or not the motion filed by plaintiff was a motion for a new trial within the meaning of section 25-1142, R. R. S. 1943. If it was, the trial court had the authority at a subsequent term to grant a new trial for prejudicial error appearing in the record; if it was not, the trial court had no such authority.

In Cerny v. Paxton & Gallagher Co., 83 Neb. 88, 119 N. W. 14, we said: "We think we may say it is the universal practice for a trial court, upon granting a new trial under said section, to examine all the issues of the case, and that such a practice as setting aside a verdict as to some part of the issues of fact, and submitting such part to another jury, is altogether unknown. When a case brought to this court is sought to be reversed for any of the errors which are specified in section 314 of the code (now § 25-1142, R. R. S. 1943) as ground for a new trial, the making of a motion in the district court

for such new trial in the time and manner required by the statute is an essential prerequisite to the right of the party appealing to have such error considered in this court. * * * until the nature of the trial by jury is modified, and the character of their verdict is essentially altered, we doubt the beneficent effect of any attempt of the courts to by construction change the law so as to split the verdict of the jury into component parts, and try the several issues by different juries. We therefore must adhere to the rule that, where a general verdict is set aside for errors occurring at the trial, no part of such verdict can be left to stand, but a new trial must be awarded upon all the issues of fact."

A motion for a new trial to be within the purview of section 25-1142, R. R. S. 1943, must be, in the alternative or otherwise, for a complete new trial. A motion for a partial new trial is insufficient to authorize the trial court to grant such a new trial after the term at which the judgment was entered. The court is not authorized to grant a new trial after term-time in the absence of a motion for a complete new trial, as required by section 25-1142, R. R. S. 1943, unless other grounds for a new trial are set forth as authorized by section 25-2001, R. R. S. 1943.

As early as Real v. Hollister, 20 Neb. 112, 29 N. W. 189, this court held that a motion for a new trial must be made in the terms substantially in which it may be allowed, within rules of law, or it will be denied.

The reason for the rule is well stated in Simmons v. Fish, 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D 588, as follows: "The motion of the plaintiff was that the 'verdict as to damages be set aside and a new trial ordered on the question of damages only.' * * * It is to be noted that this is not the common form of motion. By the unusual form of his motion the plaintiff sought not a setting aside of the verdict but simply one aspect of it. Indeed, it is not a motion for a new trial at all, but only that one feature of the verdict be disregarded

and that a new jury pass upon that feature. This is not correct practice. The only motion known to the law in this connection is one for setting aside the verdict and ordering a new trial. If granted, the entire verdict is set aside. A verdict as the foundation of a judgment in law is an elemental entity, and cannot be 'divided by a judge.' * * * But the plaintiff by the form of his motion apparently undertook to give to the court no opportunity to set aside the verdict as a whole, * * *."

In Nathan v. Charlotte St. Ry. Co., 118 N. C. 1066, 24 S. E. 511, the court said: "When, therefore, the defendant's counsel restricted their request to a single issue, they appealed to the discretion of the court to open the verdict only in part. Fairly interpreted, the motion meant that if the judge concluded that the ends of justice would be best subserved by granting a new trial upon all of the issues, they did not wish him to interpose. * * * In this view of the matter, his ruling must be treated as a refusal to disturb the verdict at all, unless left at liberty to set aside the whole of it. While the trial judge may work out, of his own accord, or even on suggestion of one of the parties, the same result, the appellate Court will never recognize the right of a party to demand, without regard to the views of the court, that such findings of the jury as are favorable to him shall remain undisturbed, while only another, or others, which are prejudicial to him, shall be reviewed on appeal from the refusal of a motion for a new trial. The motion of counsel must be for a new trial, and while he may suggest or ask that it be partial, he cannot demand it as a right, and by his motion attempt to restrict the action of the court to one or more issues, without forfeiting his right to have the refusal of the motion reviewed." See, also, Burnett v. Roanoke Mills Co., 152 N. C. 35, 67 S. E. 30; Murray v. Krenz, 94 Conn. 503, 109 A. 859. In the last case cited the court said: "The only motion for a new trial known to our practice is the motion for a trial de novo."

In Manning v. City of Orleans, 42 Neb. 712, 60 N. W. 953, a motion was made solely for the purpose of increasing the jury's verdict, which the trial court granted. This court held that the trial court erred in so doing and in disposing of the case said: "The city did not by motion for a new trial attack the verdict. It remains, therefore, unmodified and unassailed, and judgment should be entered in conformity thereto."

We conclude that a motion for a partial retrial is insufficient on which to base an appeal under section 25-1142, R. R. S. 1943. A proper motion for a new trial, sufficient to support an appeal after the term at which the judgment was entered, must demand, in the alternative or otherwise, a complete new trial. A motion which does not afford the trial court an opportunity, in terms, to grant a complete new trial, is not a motion for a new trial within the purview of the statute. We are required to say, therefore, that plaintiff failed to file a motion for a new trial following the verdict of the jury and that the trial court was without authority to grant a new trial after term-time. Since a proper motion for a new trial was not filed, the verdict and judgment remain unmodified and unassailed. The order of the trial court granting a new trial is reversed with directions to the trial court to reinstate the verdict and to enter judgment in conformity therewith.

REVERSED AND REMANDED.