VINCENT CASTER, APPELLANT AND CROSS-APPELLEE, V. DALLAS MOELLER, APPELLEE AND CROSS-APPELLANT.

126 N. W. 2d 485

Filed February 28, 1964. No. 35453.

See
*ante* p. 30, 125 N. W. 2d 89, for original opinion.

John McArthur, for appellant.

Thomas E. Brogan, for appellee.

Cassem, Tierney, Adams & Henatsch, for amici curiae.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Our opinion in this case is set out in Caster v. Moeller, *ante* p. 30, 125 N. W. 2d 89.

The defendant and appellee, Dallas Moeller, herein referred to as defendant, filed a motion for rehearing herein. He urges this court erred in remanding this cause for retrial on the issue of damages only contending the whole case should again be tried on all issues. His contention requires a clarification of our decision by supplemental opinion.

Defendant cites in support of this position the following prior decisions of this court, Cerny v. Paxton & Gallagher Co., 83 Neb. 88, 119 N. W. 14, and Harman v. Swanson, 169 Neb. 452, 100 N. W. 2d 33.

The first case so cited, Cerny v. Paxton & Gallagher Co., *supra*, decided in 1908, lends support to the defendant's position. Later however in the case of Harper v. Young, 139 Neb. 624, 298 N. W. 342, this court remanded

the cause for trial on the issue of damages only. The applicable rule of law stated in the syllabus in that case is there set out: "When error exists as to only one or more issues and the judgment is in other respects free from error, and it is clear that no injustice will result from so doing, the reviewing court may, when remanding the cause for a new trial, limit the new trial to the issues affected by the error whenever these issues are entirely distinct and separable from matters involved in other issues and the trial can be had without danger of complication with other matters."

This court has recently remanded a cause for trial as to damages only. McCarty v. Morrow, 173 Neb. 643, 114 N. W. 2d 512.

In the other case cited by the defendant, Harman v. Swanson, *supra,* the decision does not reach to the power of either the appellate or trial court to direct the retrial of a cause on the issue of damages only. The decision therein was that a motion for a new trial under our statute must be in the alternative or otherwise for a complete new trial. It held that such a motion must give the trial court, in terms, the opportunity to grant a new trial. The opinion says: "A motion which does not afford the trial court an opportunity, in terms, to grant a complete new trial, is not a motion for a new trial within the purview of the statute." The decision prevents a party seeking further relief while clinging to what has been given him and refusing to expose that portion to the judgment of the court. The earlier case of Cerny v. Paxton & Gallagher Co., *supra,* was cited by the court therein to show the necessity for the trial court to examine all the issues of the trial on the consideration of the motion. Its quotation from Cerny v. Paxton & Gallagher Co., *supra,* however continued and did cite portions thereof which might indicate this court had reapproved the portion of the ruling in that case which stated that a "new trial must be awarded upon all the issues of fact."

That the cases in most jurisdictions agree with the rule of law stated in Harper v. Young, *supra*, is made obvious by the large collection of citations in the recent note in 29 A. L. R. 2d 1199, on the propriety of limiting to an issue of damages alone the new trial granted on the ground of inadequacy of damages awarded, and a still later one on the "separate trial of issues of liability and damages in tort." 85 A. L. R. 2d 9. No good purpose would be served in reviewing the many cases cited.

In paragraph 13 of the note in 85 A. L. R. 2d, page 42, are grouped the cases with respect to the power of the trial court and it is stated that in most jurisdictions where it is permissible to limit the new trial to the issue of damages, the power to do so may be exercised by the trial court.

In paragraph 15 of this note on page 61, it is stated that in most jurisdictions where a judgment in favor of the plaintiff in a tort action is reversed, the practice is, where the requisite conditions for the limitation of a new trial to the issue of damages are satisfied, to direct the new trial be so limited, citing Harper v. Young, *supra*. The reason back of these rules is stated in 39 Am. Jur., New Trial, § 22, p. 46, thus: "The guiding principle is that although a verdict ought not to stand which is tainted with illegality, there ought to be but one fair trial upon any issue, and that parties ought not to be compelled to try anew a question once disposed of by a decision against which no illegality can be shown. Thus the parties and the state have been saved the expense, annoyance, and delay of a retrial of issues once settled by a trial as to which no reversible error appears."

A brief on the motion for rehearing filed by attorneys for amici curiae herein urges that even though the court in a proper case might possess the power to limit the new trial to the issue of damages, it cannot do so in the present case. It urges that in the case before us where the negligence of the defendant and the contributory negligence of the plaintiff are involved and contributory neg-

ligence has not been removed as an issue by this court in its opinion, the defendant is entitled to have the jury at the new trial pass on the issue of liability, comparing anew the respective negligence of the parties. It urges that to submit the sole issue of damages is at variance with the purpose and objective of our comparative negligence statute. This aspect of the question involved here does not purport to be covered as such by either of the notes referred to in A. L. R. The briefs on motion for rehearing cite certain cases where this court has discussed the submission to the jury of the issues of the question of liability and damages together where negligence and contributory negligence were involved. They do not include any discussion of the power or propriety of the appellate court to limit the retrial of a cause to damages only where liability has been determined by a jury. They have no significance in regard to the precise question before us.

We find no cases from this court which determine the problem before us and few from other jurisdictions. Those which we do find are not in agreement. In the case of Hanisch v. Body, 77 S. D. 265, 90 N. W. 2d 924, the court adopted the view urged by the defendant and the amici curiae. On the other hand other courts have submitted the issue of damages only to the jury even where the issue of comparative negligence with respect to damages remained. Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d 160, was a case which was remanded for trial as to damages only but the appellate court stated: "We hold that upon a retrial of this case, all of the facts should be presented to the jury on the question of negligence of all parties, including appellant, and the jury will have the right to apportion damages under the comparative negligence statute." This case was thereafter approved and followed with respect to the same rule in the late case of Cherry v. Hawkins (1962), 243 Miss. 392, 137 So. 2d 815.

The judgment based on the verdict in the present case

was set aside because certain elements of damages were by the instructions of the trial court withdrawn from the jury when our review of the evidence convinced us they should have been submitted.

In 39 Am. Jur., New Trial, § 24, p. 48, in speaking of new trials granted on the issue of damages only, it is stated: "In most cases damages and other issues are so blended and interwoven as to make it improper for the court to restrict a new trial to the question of damages alone. The instances in which a new trial upon the issue of damages alone may be proper are comparatively infrequent. Where it appears that the verdict was the result of a compromise, such error taints the entire verdict and requires a new trial as to all of the issues in the case. And of course, where the existence of responsibility is not established, it is not proper for the court to grant a new trial solely on the issue of damages. Yet, where the court is convinced upon a review of the whole case that the jury have settled the issue as to responsibility fairly and upon sufficient evidence—so that dissociated from other questions it ought to stand as the final adjudication of the rights of the parties—and that there has been such error in the determination of damages as to require the setting aside of the verdict, a new trial as to damages alone may properly be ordered, although this cuts off evidence which, if introduced with respect to other issues, might mitigate damages, all such evidence being admissible on the issue as to damages."

In the present case we are convinced on reviewing the evidence that the jury has so settled the issue of responsibility fairly and on sufficient evidence. In such a situation we are justified in remanding the cause for a trial as to damages only. We think however on a retrial of such causes the rule adopted in Vaughan v. Bollis, *supra,* and Cherry v. Hawkins, *supra,* should be applied.

The decision in our previous opinion is adhered to. The case of Cerny v. Paxton & Gallagher Co., *supra,* insofar

as it conflicts herewith, is overruled. On the retrial of the case all evidence bearing on the negligence of the defendant and contributory negligence of the plaintiff will be received only on the issue of the amount of the damage.

MOTION FOR REHEARING OVERRULED.