WILLIAM E. QUINLAN ET AL., APPELLEES, v. CITY OF OMAHA ET AL., APPELLANTS.

280 N. W. 2d 652

Filed June 26, 1979. No. 42312.

Herbert M. Fitle, Kent N. Whinnery, and Patrick W. Kennison, for appellants.

Charles F. Gotch of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

Heard before KRIVOSHA, C. J., McCOWN, BRODKEY, and HASTINGS, JJ., and STUART, District Judge.

HASTINGS, J.

This is an appeal by the defendants, the City of Omaha and members of the city council, from an order of the trial court granting plaintiffs a new trial in a proceeding in which the trial court had originally denied plaintiffs' motion to tax attorney's fees against the City.

This action was originally commenced in 1974 wherein plaintiffs asked that a writ of mandamus be issued requiring the City to fund prior service credit of the Police and Fireman's Retirement System. After what might be called protracted pretrial proceedings, a settlement agreement was entered into between the parties and approved by the trial court, all on September 1, 1977. Without going into detail not necessary to a decision in this case, the settlement provided for the payment of several million dollars by the City over a period of years. The agreement also provided that "the parties likewise reserve the right to contest the reasonableness of the amount of fees, if any, allowed to counsel for the plaintiffs, but not the appropriateness of the allowance of such fees against the City of Omaha * * *."

On October 27, 1977, plaintiffs filed a "Motion for Attorneys fees" asking that the court allow their counsel a reasonable fee as a "charge against the fund with the fund to be reimbursed by the City, or as a direct charge to the City." Hearing was or-

dered by the court for March 23, 1978, and briefs were submitted in advance.

A letter dated March 16, 1978, written by the trial court and mailed to all attorneys of record, read as follows: "The Court has considered your briefs in the above-entitled cause. It is our feeling that the hearing set for the 23rd of March should be restricted to arguments in support of your respective positions, regarding the City's obligation, if any, to pay fees. Accordingly, *there will be no evidence received on March 23rd,* and a later date will be set to determine the amount of fees, if any." (Emphasis supplied.)

The hearing was had as scheduled before a three-judge panel, and on May 5, 1978, an order was entered denying the motion insofar as it requested a fee to be taxed against the City. Among the findings made by the court was one that the provisions of the settlement agreement as to incontestability of the assessment of fees against the City was "ambiguous and readily subject to the interpretation urged by the City." The plaintiffs had made no attempt at the March 23rd hearing to offer any evidence. A motion for a new trial was filed by plaintiffs within 10 days alleging generally error on the part of the trial court in its final decision and specifically in interpreting the agreement of September 1, 1977, without an evidentiary hearing. At a hearing on that motion, evidence was adduced suggesting the possibility of the existence of a legitimate factual dispute on the contract interpretation. The court thereafter granted plaintiffs a new trial without assigning any reason in the formal order. However, in a letter dated July 31, 1978, forwarded to all counsel of record, the court did say: "I am today sustaining plaintiffs' motion for a new trial in the matter of awarding attorney fees. The principle [sic] basis for this ruling is plaintiffs' argument that he was not granted an evidentiary hearing and was prevented

from so doing by a communication from this Court, received and marked into evidence as Exhibit 1. While the letter was intended only to avoid hearing evidence on the amount and reasonableness of the fees, yet by its wording, it did appear that plaintiffs would not be allowed to introduce any evidence on any subject for any reason, and for this cause plaintiffs are being granted a new trial."

The City's assignments of error are that plaintiffs did not request an evidentiary hearing nor did they call any witnesses at the hearing nor make an offer of proof, but, rather, presented the issue for the first time in their motion for a new trial. The answer to this is very simple: "The general controlling rule in that regard is that an actual offer of evidence upon an issue is not necessary in order to preserve the question for review if the trial court has theretofore ruled, as it did in this case, that no proof upon that issue would be received in any event, and the alleged error. in doing so has been appropriately preserved by motion for new trial or otherwise." Dixon v.. Coffey, 161 Neb. 487, 73 N. W. 2d 660 (1955).

There, of course, is another very obvious reason why the action of the trial court must be sustained. During the same term of court a trial court has inherent power, over its judgments and orders, to correct errors and mistakes appearing of record, even to the extent of granting a new trial. Harman v. Swanson, 169 Neb. 452, 100 N. W. 2d 33 (1959). Counsel for the City admitted during oral arguments that such action was taken during the same term of court and nothing in the record appears to the contrary. At worst, the trial court denied plaintiffs the right to offer evidence, which was to their prejudice. At best, a confusing situation was created, to the prejudice of plaintiffs, which the trial court admitted was of its doing.

Clearly, the trial court had tenable grounds to grant a new trial and to have done otherwise would

undoubtedly have been prejudicial error. The action of the District Court is affirmed.

AFFIRMED.