KATHLEEN J. ZOET, APPELLEE, v. DEAN J. ZOET, APPELLANT.

507 N.W.2d 42

Filed September 28, 1993.   No. A-92-221.

Clarence E. Mock, of Johnson and Mock, for appellant.

William C. Stanek, of Stanek & Smith, for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

IRWIN, Judge.

Dean J. Zoet appeals from an order of the district court for Burt County which modified the decree dissolving the marriage of appellant and appellee, Kathleen J. Zoet. For the reasons set forth below, we dismiss this appeal.

The district court for Burt County entered a divorce decree in this case on April 23, 1991. On April 24, appellant filed a motion for new trial on the issue of alimony, which the district court sustained. After the new trial on the issue of alimony, the district court entered an order on October 25, awarding appellee alimony of $400 per month for 246 months. Appellee then filed a motion for new trial on November 7, alleging that alimony should commence on the date of the final hearing on this matter, or February 5, rather than on November 1, as provided for in the October 25 order. The district court granted

the motion, and the court entered an order in the second new trial on March 11, 1992. The March 11 order provided that alimony due from appellant was to begin on February 5, 1991. Dean Zoet appealed the March 11, 1992, order by filing a notice of appeal on March 23.

## ASSIGNMENT OF ERROR

Appellant alleges that the district court abused its discretion in setting the amount of alimony due from appellant to appellee at $400 per month for 246 months. Because we have determined that this court is without jurisdiction in this case, we do not address appellant's assigned error.

## DISCUSSION

Neb. Rev. Stat. § 25-1143 (Reissue 1989) requires a motion for new trial to be filed within 10 days after the judgment, decree, or order complained of is entered, except where unavoidably prevented. See, *Williams v. Gering Pub. Schools*, 236 Neb. 722, 463 N.W.2d 799 (1990); *Smith v. Smith*, 225 Neb. 93, 402 N.W.2d 688 (1987). A motion for new trial that is not filed within the time restraints required and not unavoidably prevented is a nullity and of no force or effect. See, *Williams, supra*; *Sempek v. Sempek*, 198 Neb. 300, 252 N.W.2d 284 (1977).

In this case, appellee's motion for new trial, dated November 7, 1991, was not filed within 10 days of the October 25 order, as required by § 25-1143. There is also nothing in the record indicating that appellee was unavoidably prevented from timely filing her motion for new trial. In fact, this issue was not addressed by the district court or by the parties to this appeal. When lack of jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992); *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). Appellee's untimely filing of the second motion for new trial is plainly evident from the record. Because appellee's motion for new trial, filed on November 7, was not within the time requirements of § 25-1143, it was a nullity and of no effect.

In reviewing the record, we are aware that a trial court has the inherent power to grant a new trial on its own motion during the same term of court, whether or not a motion for new trial is filed. See, *Quinlan v. City of Omaha*, 203 Neb. 814, 280 N.W.2d 652 (1979); *Harman v. Swanson*, 169 Neb. 452, 100 N.W.2d 33 (1959). However, in this case the trial court's order of March 11, 1992, states: "*Petitioner's* motion for new trial should be and hereby is sustained." (Emphasis supplied.) Thus, it is evident that the trial court did not order a new trial on its own motion.

Because the motion for new trial filed by appellee was a nullity, it logically follows that any ruling on such motion must also be a nullity. That leaves the decree entered on October 25, 1991, as the final decree in this case. Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992) requires a notice of appeal to be filed within 30 days of a ruling on a motion for new trial, or an appellate court has no jurisdiction. *Williams, supra*. See *Smith, supra*.

When timely filed, a motion for new trial extends the time in which a notice of appeal must be filed to a period of 30 days following a ruling on that motion. *Williams, supra*; *In re Interest of C.M.H. and M.S.H.*, 227 Neb. 446, 418 N.W.2d 226 (1988). See *Smith, supra*. However, a motion for new trial that is not filed within the time restraints of § 25-1143 will not extend the time within which a notice of appeal must be filed. *Williams, supra*.

Because this appeal was filed more than 4 months after the final decree was entered, this court has no jurisdiction, and this appeal must be dismissed.

APPEAL DISMISSED.