H. M. NATHAN v. CHARLOTTE STREET RAILWAY COM-
PANY.

*Negligence and Contributory Negligence—Issues—New
Trial for Newly Discovered Evidence—Partial New
Trial.*

1. Where the questions of negligence, contributory negligence,
and whether injury might have been avoided notwithstand-
ing the contributory negligence of the person injured, all
arise, it is proper to submit three distinct issues involving
these propositions separately. And where the evidence jus-
tifies it, and plaintiff requests that the issues be thus sub-
mitted, it is error to refuse to do so.

2. While it is competent for the Supreme Court to direct a new
trial as to some issues, leaving the verdict to stand as to
others, where in the exercise of a sound discretion, such a
course is deemed proper, and it seems that the judge at *nisi
prius* may pursue a similar course ; still a party cannot, as
a matter of right, enter a motion for a new trial on only part
of the verdict. Such a motion will be considered as a
motion for a new trial of the whole case, with an appeal to
the discretion of the judge to leave the verdict undisturbed
as to some of the issues.

3. The granting or refusal of a motion for a new trial for newly
discovered evidence, made in the Supreme Court, is a matter
of discretion for which the Court will give no reason.

CIVIL ACTION, tried before *Timberlake, J.*, at October
Term, 1895, of the Superior Court of MECKLENBURG.

The action was originally brought against the said
Charlotte Street Railway Company and the Charlotte
Consolidated Construction Company, but, at the close of
the evidence, the plaintiff entered a *nol. pros.* as to the last-
named defendant.

The plaintiff tendered the following issues :

" First. Was the plaintiff, Nathan, injured by the neg-
ligence of the Charlotte Street Railway Company ?

" Second. Did the plaintiff, Nathan, by his own negligence, contribute to his injury ?

" Third. Notwithstanding the contributory negligence of the plaintiff, Nathan, might the injury have been avoided by the exercise of reasonable care on the part of the Charlotte Street Railway Company ?

" Fourth. What damage has the plaintiff, Nathan, sustained ? "

The defendant objected to the submission of the third issue. The objection was overruled, and the defendant excepted. The court thereupon submitted the issues as tendered by the plaintiff and above set forth.

The jury responded in the affirmative to the first, second and third issues, and to the fourth issue $650.

The defendant moved for judgment upon the verdict, notwithstanding the finding upon the third issue, contending that the third issue was immaterial and not raised or presented by the pleadings. This motion was overruled and the defendant excepted. The defendant then submitted the following motion in writing, to-wit:

" The defendant makes the following motion, upon the verdict rendered by the jury :

" First : That the verdict upon the third issue be stricken out, because, 1st : This issue is not raised by the pleadings ; 2d : There was no evidence produced on the trial that made it proper to submit this issue to the jury, and of course there was no evidence to sustain this finding, except the evidence that tended to sustain the finding upon the first issue. This being true, the finding on the third issue is a mere reiteration of the finding on the first issue, and its effect as to entitling the plaintiff to recover is destroyed by the finding on the second issue.

" Second : The defendant further moves for a new trial on the third issue alone, because this issue, if considered

as involving facts other than those involved in the first issue, was not raised by the pleadings, and there was no evidence in the cause which rendered it proper to submit an issue in regard to defendant's negligence, except the first issue."

The defendant expressly restricts his motion to the third issue, and to the judgment which should be rendered upon the verdict, and does not except to the finding of the jury upon the first, second and fourth issues.

These motions of the defendant were overruled, and to the ruling on each of them the defendant excepted.

There was a judgment for the plaintiff upon the verdict, and defendant apppealed.

*Messrs. Jones & Tillett,* for plaintiff.

*Messrs. Burwell, Walker & Cansler,* for defendant (appellant).

AVERY, J.: Where the testimony raises the question whether there was any negligence on the part of the defendant intervening after the alleged contributory negligence of the plaintiff, it is better to leave out of the first and incorporate only in the third issue (as they are usually drawn) the inquiry whether the plaintiff's negligence was the proximate cause of the injury. This would make the ordinary form of the three issues in such cases as follows:

" 1. Was the defendant negligent?

" 2. Did the negligence of the plaintiff contribute to cause the injury?

" 3. Notwithstanding the negligence of the plaintiff, could the defendant by the exercise of reasonable care have avoided the injury?"

Where the testimony raises the question whether a culpable act of the defendant intervening after the act constituting the alleged contributory negligence was the proxi-

mate cause of the injury, in the sense that it was an omission to discharge a legal duty, the performance of which would have averted it, it would be manifest, if the point had never been passed upon before, that an issue involving that specific inquiry would be one raised by the general allegation that the injury was caused by the defendant's want of reasonable care and the defendant's denial thereof. In contemplation of law, the injury is not attributed to the wrongful act unless it is shown to be the immediate and proximate cause. So that the allegation by the plaintiff that the injury was due to the defendant's carelessness, and the denial of that, coupled with the averment by defendant that the contributory negligence of the plaintiff was the cause, necessarily involves the question whether the defendant negligently omitted to avail itself of the last clear chance to avoid the accident by the performance of a legal duty. But in *Baker* v. *Railroad*, decided at this Term, it was held not only that the court might submit such an issue under pleadings like those in the case at bar, but that if the plaintiff could show that by the refusal of the court to submit it, the court deprived him of the opportunity to present some view of the law arising out of the evidence to the jury, then it would be no longer discretionary with the judge whether he would permit it to be passed upon, but would become the right of the plaintiff to demand that he should be. In *Tillett* v. *Railroad*, decided at this Term, it was held to be within the sound discretion of the court to submit or refuse a specific issue involving the question whether the plaintiff was a passenger, because "the plaintiff's right to board the train must be necessarily shown in order to make out a *prima facie* case of negligence." Prior to that time the power of the court, as a general rule, to determine whether one, two or three issues should be submitted, in cases like

that before us, had been repeatedly recognized in a long line of cases. *Pickett* v. *Railroad*, 117 N. C., 616; *McAdoo* v. *Railroad*, 105 N. C., 140; *Lay* v. *Railroad*, 109 N. C., 410; *Denmark* v. *Railroad*, 107 N. C., 185; *Scott* v. *Railroad*, 96 N. C., 428. There was no error, therefore, in refusing to strike out that issue.

The defendant "restricts his motion" for a new trial "to the third issue and to the judgment which should be rendered upon the verdict, and does not except to the findings of the jury upon the first, second and fourth issues." While there is abundant testimony to warrant the submission of that issue by the court, and, if believed, the finding of the jury in response to it, it is needless, in view of the peculiar nature of the motion, to collate or discuss it. In *Tillett* v. *Railroad, supra*, the ruling in the same case when formerly before the Court on appeal (115 N. C., 602) was re-affirmed, and it was held, as in many cases previously decided, to be within the sound discretion of the appellate Court to determine whether a new trial should be restricted to one or more or all of the issues passed upon by the jury. *Holmes* v. *Godwin*, 69 N. C., 467; S. C., 71 N. C., 309; *Burton* v. *Railroad*, 84 N. C., 201, 192; *Boing* v. *Railroad*, 91 N. C., 199; *Lindley* v. *Railroad*, 88 N. C., 547. In the same way it has been held that the granting or refusal of a new trial by the appellate Court for newly discovered evidence is an exercise of discretion for which the Court will give no reason. *Clark* v. *Riddle*, decided at this Term; *Sledge* v. *Elliott*, 116 N. C., 712; *Brown* v. *Mitchell*, 102 N. C., 347.

In *Merony* v. *McIntyre*, 82 N. C., 105, it was held error in the *nisi prius* judge to grant a partial new trial upon a suggestion that, by improper influence, the jury had been induced to change their verdict upon one of the issues. The Court there held that while, as a general rule,

the court might grant a partial new trial upon the inquiry of damages, or upon a single issue where the evidence bearing upon it is separable from and does not hinge upon that bearing upon the other issues, it was nevertheless always within the sound discretion of the court, where a new trial was granted, to make it general instead of partial. When, therefore, the defendant's counsel restricted their request to a single issue, they appealed to the discretion of the court to open the verdict only in part. Fairly interpreted, the motion meant that if the judge concluded that the ends of justice would be best subserved by granting a new trial upon all of the issues, they did not wish him to interpose. *Non constat* but that the judge would, upon an appeal to his discretion, without attempting to impose a limit to its exercise, have set aside all of the findings. In this view of the matter, his ruling must be treated as a refusal to disturb the verdict at all, unless left at liberty to set aside the whole of it. While the trial judge may work out, of his own accord, or even on suggestion of one of the parties, the same result, the appellate Court will never recognize the right of a party to demand, without regard to the views of the court, that such findings of the jury as are favorable to him shall remain undisturbed, while only another, or others, which are prejudicial to him, shall be reviewed on appeal from the refusal of a motion for a new trial. The motion of counsel must be for a new trial, and while he may suggest or ask that it be partial, he cannot demand it as a right, and by his motion attempt to restrict the action of the court to one or more issues, without forfeiting his right to have the refusal of the motion reviewed. There was no error.

Affirmed.