**Blondell FULLER, Administratrix of the Estate of Robert Fuller, Deceased, and Blondell Fuller, Individually, Appellant,**

**v.**

**Dean SPEIGHT, Executor of the Estate of Louise R. Speight, Appellee.**

Court of Appeals of Tennessee, Western Section.

Feb. 14, 1978.

Rehearing Denied March 13, 1978.

Certiorari Denied by Supreme Court Sept. 11, 1978.

Avon N. Williams, Jr., Nashville, for appellant.

James D. Senter, III, Humboldt, for appellee.

NEARN, Judge.

Louise R. Speight ran a stop sign at the corner of Vine Street and Sixth Avenue in the City of Humboldt, Tennessee and her vehicle collided with one being driven by Robert Fuller and owned by his wife, Blondell Fuller. (Louise R. Speight died prior to suit being filed against her. She died of cancer and not from any injuries sustained in the accident.) The uncontroverted testimony of the passenger in the Fuller vehicle was that the impact from the side threw the passenger's body into that of the driver. About five or ten minutes after impact, while Mr. Fuller and Mrs. Speight were discussing the matter at the scene, Mr. Fuller slumped down to the ground; was taken to the hospital and there pronounced dead.

Blondell Fuller filed suit against Dean Speight, executor of the estate of Louise R. Speight, seeking recovery in her own right for damages to her vehicle. As administratrix of her husband's estate, she sought recovery for his alleged wrongful death. The matter was tried before a jury and a verdict was returned in favor of Mrs. Fuller, individually for her property damage, but a defendant's verdict was returned in the wrongful death action.

The only real issue was whether or not the death of Fuller was caused by the collision. Prior to the collision Fuller had suffered from generally poor health and heart difficulties. The death certificate of Fuller, issued without benefit of autopsy, listed the cause of death as "coronary thrombosis". Nineteen months after Fuller's death the body was exhumed and an autopsy performed by Dr. Jerry Francisco. The autopsy finding was that death was caused by external trauma to the chest which produced a tear in the aorta and resulting internal bleeding.

Twenty-four Assignments of Error are made in this Court. There is nothing to the first twenty-three and they are therefore all overruled. The twenty-fourth is valid and will be sustained.

The twenty-fourth Assignment of Error is to the effect that there is no other evidence but that the death of Robert Fuller was caused by the collision with the Speight vehicle and therefore, there is no evidence from which the jury could find otherwise.

■ The jury awarded Mrs. Fuller recovery for the full damages to her vehicle. This could not be accomplished without a finding of negligence on the part of Mrs. Speight and no negligence on the part of Fuller. Therefore, in order to find against Fuller in the wrongful death action, the jury of necessity would have to conclude that the collision with the Speight vehicle caused no injury to Fuller which proximately caused his death. We hold that under this record, the jury could not so find.

■ After conducting an autopsy, Dr. Francisco unequivocally testified as to the cause of death, that is, a rupture or split of the aorta caused by traumatic event. This expert testimony is absolutely uncontradicted. The expertise or credibility of Dr. Francisco is not attacked in the record. True, the defense put on expert medical testimony; but not one word of it contradicts or attempts to contradict any of Dr. Francisco's testimony. All is to the effect that Robert Fuller was a poor physical specimen before the collision, that is, he suffered from numerous frailties including a weak aorta. All that is undoubtedly true; as Dr. Francisco also testified to the same effect, but, a defendant takes a plaintiff as he finds him. The fact that a party is in a weakened condition at the time of the injury is not a causal defense available to the defendant. See *Railroad v. Northington* (1891) 91 Tenn. 56, 17 S.W. 880. Such condition may be material to the issue of life expectancy, but is not evidence as to the cause of the injury.

In the case of *Reserve Life Ins. Co. v. Whittemore* (1969 M.S.) 59 Tenn.App. 495, 442 S.W.2d 266, 275, it was held that "Neither the jury nor this Court is justified in

ignoring the unimpeached, uncontradicted testimony of a physician in respect to scientific information of which a layman would not be expected to have any reliable knowledge." In the case before us, it is evident that the jury did ignore the unimpeached and uncontradicted expert medical proof on matters in which they would not have any reliable information.

No one complains of the judgment for property damage rendered in favor of Blondell Fuller. Thus, we affirm that judgment. There is no doubt whatsoever in our mind of the negligence of Mrs. Speight, just as there was none in the jury's mind. Mrs. Speight's testimony taken by deposition was that she simply did not see the stop sign and continued through the intersection without stopping until she struck Mrs. Fuller's vehicle. Therefore, we reverse the judgment below in favor of the Speight estate only and remand for the purpose of fixing the amount of damages for the wrongful death of Robert Fuller. See *Perkins v. Brown* (1915) 132 Tenn. 294, 177 S.W. 1158.

Costs of appeal are adjudged against the appellee.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-third year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.

### ON PETITION TO REHEAR

NEARN, Judge.

A petition to Rehear has been filed in this matter which raises no issues not previously considered by the Court and is therefore denied.

MATHERNE, and SUMMERS, JJ., concur.