**Fanchetter ENNIX and Russell Ennix, Appellees,**

v.

**James CLAY, Curtis Fields, B & C Trucking Company, Inc., Willie Loagine, and Tri-State Tile & Marble Company, Inc., Appellants.**

Supreme Court of Tennessee, at Jackson.

Jan. 21, 1986.

Franklin Murchison, William L. Guy, Spragins & Murchison, Jackson, for Willie Loagine and Tri-State Tile & Marble Co., Inc.

Joel Porter, Burch, Porter & Johnson, Memphis, Lyle Reid, Reid & Banks, P.A., Brownsville, for appellees.

## OPINION

COOPER, Justice.

This action arose out of the collision of three vehicles on Interstate 40, and involved numerous claims, counterclaims, and cross-claims among those involved. The trial judge, over objection, ordered that

this trial be bifurcated and the evidence limited to the issues of liability only and that the cause be submitted to the jury on the issue of liability only in each case, then, should the jury find liability in any case and for any plaintiff, the damage aspects of the respective case will be submitted immediately to the same jury for a determination. ....

A verdict was returned for all the defendants on the issue of liability, and Fanchetter Ennix and her husband, Russell, appealed. The Court of Appeals ordered a new trial after concluding that the trial court's action had deprived the appellants of their constitutional right to have all controverted issues of fact submitted to the jury at the same time. *See Harbison v. Briggs Bros. Paint Mfg. Co.*, 209 Tenn. 534, 354 S.W.2d 464 (1962). The court also held that the trial court erred in three rulings excluding relevant evidence which was material to the determination of liability. While we concur in the Court of Appeals' holdings on the evidentiary issues, and in its decision to order a new trial, we

granted the defendants' application for permission to appeal to express disapproval of the constitutional basis upon which the bifurcation of issues was held improper. We hold that no constitutional right exists for a litigant to have all controverted factual issues submitted to the jury at the same time, and we decline to further follow the holding of *Harbison v. Briggs Bros. supra.*

Article 1, Section 6 of the Tennessee Constitution states: "That the right of trial by jury shall remain inviolate...." This constitutional guaranty refers to the right of trial by jury as it existed at common law, *Marler v. Wear,* 117 Tenn. 244, 246, 96 S.W. 447, 448 (1906), or, more specifically, "the common law under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796." *Patten v. State,* 221 Tenn. 337, 344, 426 S.W.2d 503, 506 (1968).

This constitutional provision was at issue in *Harbison v. Briggs Bros. Paint Mfg. Co.,* 209 Tenn. 534, 354 S.W.2d 464 (1962), where the plaintiff alleged that he suffered injuries from the explosion of a can of liquid bug killer prepared and sold by the defendant. At the close of proof a special issue was submitted to the jury asking whether or not plaintiff had received a can of bug killer that the defendant had prepared and delivered to him. The jury found this issue in favor of defendant, and the suit was dismissed. While the Court of Appeals held that the error in failing to submit all issues to the jury at the same time was harmless, this court reversed and remanded for a new trial. The majority concluded that "plaintiff had a constitutional right to have all the issues of fact submitted to the same jury at the same time." *Id.* at 471–72.

However, our constitution is concerned with substance rather than form, and antiquated forms of procedure need not be retained. *See Gasoline Products Co., Inc. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). To interpret our constitution as did the *Harbison* court places form over substance by giving constitutional weight to a purely procedural matter. While a litigant has a constitutional right to have material controverted issues submitted to the jury, our constitution does not mandate that all such issues be submitted to the jury at the same time. In fact, the practice in Tennessee has long allowed the divisibility of verdicts. For example, it is common practice for a civil case to be remanded and retried on only the issue of damages. *See Perkins v. Brown,* 132 Tenn. 294, 177 S.W. 1158 (1915); *Fuller v. Speight,* 571 S.W.2d 840 (Tenn.App.1978). This also has been common practice in North Carolina. *See Nathan v. Charlotte St. Ry. Co.,* 118 N.C. 1066, 24 S.E. 511 (1896); *Bowen v. Constructors Equip. Rental Co.,* 283 N.C. 395, 196 S.E.2d 789 (1973). Furthermore, a criminal case may be remanded solely for a new determination of punishment. *See Huffman v. State,* 200 Tenn. 487, 292 S.W.2d 738 (1956). We also note that our habitual criminal and first degree murder statutes, both of which provide for bifurcated trials, have been held constitutional under both state and federal constitutions. *See* Tenn.Code Ann. §§ 39–1–801 and 39–2–203.

 While we hold that a litigant has no constitutional right to have all controverted issues submitted to the jury at the same time, we also hold that a litigant has no right to a bifurcation of issues. The decision whether or not to sever the issues for the jury must be left to the sound discretion of the trial judge, and the interests of justice will warrant a bifurcation of the issues in only the most exceptional cases and upon a strong showing of necessity. In making its decision the trial court should consider the possibility of juror confusion, the risk of prejudice to either party, and the needs of judicial efficiency. Above all, the issues at trial must not be bifurcated unless the issue to be tried is so distinct and separable from the others that a trial of it alone may be had without injustice. *Gasoline Products Co., Inc. v. Champlin Refining Co.,* 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931).

Applying these considerations to the record before us, we conclude that the issues of liability and damages were so interwoven that bifurcation was improper. For example, both Fanchetter Ennix and the passenger in her car, Margaret Dennon, testified that they suffered amnesia as the result of injuries received in the collision. Both were unable to recall portions of the accident, and both had their credibility on this point impeached on cross-examination. The jury may have believed their testimony, or may have concluded that they were not being candid. However, due to the bifurcation of the issue of liability from that of damages, the jury heard no medical testimony concerning the nature and severity of the injuries received by Mrs. Ennix and her passenger, nor concerning the likelihood of amnesia occurring as a result of those injuries. Thus, the jury was denied relevant information which was material to the determination of the credibility of these witnesses. A separation of issues in a trial is inappropriate where the nature of the plaintiff's injuries could have an important bearing on the issue of liability. *Schwartz v. Binder*, 91 A.D.2d 660, 457 N.Y.S.2d 109, 110 (1982). Furthermore, we find no indication that bifurcation of the issues was necessary to avoid juror confusion, protect a party from prejudice, or promote judicial efficiency.

For the reasons stated, the judgment of the Court of Appeals reversing the judgment of the trial court is affirmed, and this cause is remanded to the trial court for a trial on the merits. Costs incurred on appeal are taxed against the appellants.

BROCK, C.J., and FONES, HARBISON, and DROWOTA, JJ., concur.