# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 7, 2002 Session

## SHERITA L. DONALDSON v. LANA BEAVERS, M.D.

**A Direct Appeal from the Circuit Court for Bedford County**
**No. 7982     The Honorable Franklin L. Russell, Judge**

---

**No. M2002-00197-COA-R9-CV - Filed January 7, 2003**

---

Patient filed medical malpractice action against physician alleging negligence in performance of operation procedure and negligence in physician's post-operative care. Jury returned verdict for physician on the issue of negligent post-operative care but deadlocked on the issue of negligence in performance of surgery. Trial court declared a mistrial and entered an order denying physician's motion for entry of final judgment on the issue of post-operative care and ordering a new trial on all of patient's claims. Physician was granted interlocutory appeal. The only issue for review is whether, under the circumstances of this case, a new trial should be confined only to the issues of the physician's negligence in performing the surgery. We affirm and remand.

**Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and PATRICIA J. COTTRELL, J., joined.

Thomas Pinckney, Nashville, For Appellant, Lana Beavers, M.D.

William Kennerly Burger, Murfreesboro, For Appellee, Sherita L. Donaldson

### OPINION

This dispute arises from a medical malpractice action in which appellee-patient Sherita Donaldson ("Donaldson") seeks damages for injuries allegedly caused by the negligent operative and post-operative treatment provided by appellant-physician Dr. Lana Beavers ("Dr. Beavers").[1]

---

[1] The portion of Donaldson's malpractice action premised on operative negligence refers to Dr. Beavers' alleged negligence in severing Donaldson's bile duct and liver artery during a laparoscopic cholecystectomy procedure. Donaldson's assertion of post-operative negligence is based on Dr. Beavers' perceived failure to timely detect or treat

(continued...)

On October 22, 1997, Dr. Beavers performed a laparoscopic cholecystectomy[2] on Donaldson for the purpose of "alleviat[ing] a problem with gallstones." In a complaint filed October 6, 1998, Donaldson presents a single claim for medical malpractice against Dr. Beavers, framing the factual basis for her action as follows:

> Plaintiff, SHERITA L. DONALDSON alleges that she was a patient of the Defendant, DR. LANA BEAVERS in October, 1997, and that she underwent a surgical procedure designed to alleviate a problem with gallstones. During the performance of the surgical procedure by the Defendant, DR. BEAVERS, Plaintiff alleges and avers that the Defendant accidentally severed both a bile duct and a liver artery, which remained undetected for several days following the surgical procedure, and resulted in serious, life-threatening complications. Plaintiff asserts that the severed, common bile duct and artery resulted in the development of a condition known as bile peritonitis and right hepatic arteria thrombosis, resulting in severe infection. Plaintiff developed necrosis to affected tissue; and intense abdominal pain; bile ascites, and the development of hepatic arterial thrombosis due to clotting, with infection affecting the liver, lower intestine, stomach, and kidneys. Plaintiff asserts that, notwithstanding the development of immediate, acute and abnormal symptoms following the accidental transection of the duct by the Defendant, the Defendant disregarded the Plaintiff's immediate complaints of nausea and intense pain, and failed to respond immediately by performing an

---

[1](...continued)
problems allegedly suffered by Donaldson immediately following the surgery.

[2] A laparoscopic cholecystectomy can be defined as follows:

> A cholecystectomy is the surgical removal of the gallbladder.... The technique is performed as follows. The patient receives general anesthesia. Then a small incision is made at the navel ... and a thin tube carrying the video camera is inserted. The surgeon inflates the abdomen with carbon dioxide, a harmless gas, for easier viewing and to provide room for the surgery to be performed. Next, two needle-like instruments are inserted.... These instruments serve as tiny hands within the abdomen. They can pick up the gallbladder, move intestines around, and generally assist the surgeon. Finally, several different instruments are inserted ... to clip the gallbladder artery and bile duct, and to safely dissect and remove the gallbladder and stones. When the gallbladder is freed, it is then teased out of the tiny navel incision. The entire procedure normally takes 30 to 60 minutes. The three puncture wounds require no stitches and may leave very slight blemishes. The navel incision is barely visible.

Jackson Gastroenterology, *Laparoscopic Cholecystectomy*, <http://www.gicare.com/pated/epdlv01.htm>, visited Dec. 13, 2002.

exploratory procedure. In the days immediately following the surgery, Defendant referred the Plaintiff's complaints to a physicians assistant. On Monday (following surgery the previous Thursday) bile was observed literally seeping through the Plaintiff's incision site. Following a period of repeated hospitalizations and acutely worsening symptoms, Plaintiff was hospitalized with life-threatening vital signs, upon reference to a Columbia physician, who immediately recognized the severity of the Plaintiff's condition, and caused the Plaintiff to be transported to Vanderbilt University Medical Center for emergency surgery. Plaintiff, following the performance of appropriate repairs to the transected bile duct, and related procedures necessitated by the arterial thrombosis and bile peritonitis, remained hospitalized in the intensive care unit at Vanderbilt for several days, and subsequently underwent a period of several months of convalescence, necessitated by her weakened condition, and the trauma to the organs in the areas affected by the abdominal peritonitis.

Plaintiff asserts that the Defendant, as a licensed surgical physician, owed a duty of care to perform the surgical procedure, and the follow-up care, in a manner consistent with the prevailing standard of care for the community. Plaintiff asserts that the conduct described above, in accidentally severing the bile duct, and failing to respond immediately to the acute symptoms, constitutes a substantial and gross deviation from the prevailing standard of medical care in the community, which directly and proximately resulted in the injuries complained of herein.

Dr. Beavers filed an Answer in response to Donaldson's Complaint. In her Answer, Dr. Beavers admits that "[s]ubsequent events have led Dr. Beavers to believe that she did accidentally lacerate the bile duct and right hepatic artery, complications which may occur during this type of surgery even with the utmost care having been exercised." Dr. Beavers denied that she failed to meet the applicable standard of care and disclaimed liability for Donaldson's alleged injuries, and further noted:

When Ms. Donaldson developed post-discharge complications, she was properly treated by Dr. Beavers and referred to another local physician. She was then transferred to Vanderbilt University Medical Center for treatment. Surgery was performed at Vanderbilt on November 10, 1997 after a November 5, 1997 admission. Upon information and belief, Dr. Beavers asserts that Ms. Donaldson has made an appropriate and full recovery.

The case was tried before a jury from July 16, 2001 through July 19, 2001, and interrogatories were submitted to the jury on the separate issues of operative and post-operative negligence. According to Dr. Beavers' Statement of the Case, outlined in her brief to this court and adopted by Donaldson, "[t]he verdict form presented to the jury requested the jury to make separate findings as to negligence during the operative care and negligence during the post-operative care." On July 19, 2001, the jury returned a verdict for Dr. Beavers on the issue of post-operative negligence, finding that appellant did not breach the standard of care in her post-operative treatment of Donaldson. As to the issue of operative negligence, the jury announced that it was unable to reach a unanimous verdict on the question of whether Dr. Beavers breached the standard of care in performing the October 1997 laparoscopic cholecystectomy on Donaldson.

On July 23, 2001, the circuit court entered an "Order From Jury Trial," stating that the jury had reached a unanimous verdict for Dr. Beavers on the issue of post-operative negligence, but was deadlocked on the question of operative negligence. On this basis, the court declared a mistrial as to the issue of whether Dr. Beavers breached the standard of care in performing the surgery (operative conduct), "and on the issue of what amount of damages were legally caused by such breach." The court reserved judgment on the significance of the jury's finding that Dr. Beavers did not violate the standard of care as to her post-operative treatment of Donaldson. We quote from the Order of the Court:

> **IT IS ORDERED** that a mistrial is declared as to the issue of whether Defendant Lana Beavers violated the standard of care in her performing of surgery on Plaintiff Sherita L. Donaldson and on the issue of what amount of damages were legally caused by such breach, but the issue is reserved as to the significance of the jury's finding that Defendant Lana Beavers had not breached the standard of care in her post-operative treatment of Plaintiff Sherita L. Donaldson. Any claim of medical malpractice based upon the cutting of a second bile duct (other than the common bile duct) is dismissed.

Although not a part of the record before us, it appears that Dr. Beavers filed a motion for a final judgment on the issue of post-operative negligence and to limit the new trial to the issue of operative negligence. By Order entered January 24, 2002, the motion was denied, and the court ruled that "the retrial of this matter should not be limited and the jury should consider all claims against defendant in a new trial."

Also, on January 24, 2002, the trial court entered an order granting Dr. Beavers' motion for a Rule 9 interlocutory appeal. This court subsequently granted Dr. Beavers' interlocutory appeal.

The only issue for review is whether, under the facts of this case, the new trial should include all issues or be limited to the issue of appellant's negligence in the performance of the surgery.

The circuit court's order that all issues should be considered in a new trial, despite the jury's verdict for Dr. Beavers on the post-operative negligence issue, is a question of law. As such, our review of the circuit court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

A litigant has a constitutional right to have material controverted issues tried by the jury, but there is no requirement that the issues must be submitted to the jury at the same time. *Ennix v. Clay*, 703 S.W.2d 137 (Tenn. 1986). In *Ennix*, the Court said:

> In fact, the practice in Tennessee has long allowed the divisibility of verdicts. For example, it is common practice for a civil case to be remanded and retried on only the issue of damages. See *Perkins v. Brown*, 132 Tenn. 294, 177 S.W. 1158 (1915); *Fuller v. Speight*, 571 S.W.2d 840 (Tenn. App. 1978). This also has been common practice in North Carolina. *See Nathan v. Charlotte St. Ry. Co.*, 118 N.C. 1066, 24 S.E. 511 (1896); *Bowen v. Constructors Equip. Rental Co.*, 283 N.C. 395, 196 S.E.2d 789 (1973). Furthermore, a criminal case may be remanded solely for a new determination of punishment. *See Huffman v. State*, 200 Tenn. 487, 292 S.W.2d 738 (1956). We also note that our habitual criminal and first degree murder statutes, both of which provide for bifurcated trials, have been held constitutional under both state and federal constitutions. *See* Tenn. Code Ann. §§ 39-1-801 and 39-2-203.
>
> While we hold that a litigant has no constitutional right to have all controverted issues submitted to the jury at the same time, we also hold that a litigant has no right to a bifurcation of issues. The decision whether or not to sever the issues for the jury must be left to the sound discretion of the trial judge, and the interests of justice will warrant a bifurcation of the issues in only the most exceptional cases and upon a strong showing of necessity. In making its decision the trial court should consider the possibility of juror confusion, the risk of prejudice to either party, and the needs of judicial efficiency. Above all, the issues at trial must not be bifurcated unless the issue to be tried is so distinct and separable from the others that a trial of it alone may be had without injustice. *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S. Ct. 513, 75 L. Ed. 1188 (1931).

*Id.* at 139.

As previously noted, the instant case involves one claim for medical malpractice because of the actions of the appellant-physician in two areas. It is first alleged that she was negligent in performing the operation and subsequently was negligent in her failure to recognize the problems incurred by appellee post-operatively. If, on retrial, the appellant-physician is found negligent in the performance of the operation, then the question would be presented as to what damages should flow from that negligence. This presents a situation analogous to the case of a defendant tortfeasor's liability for damages resulting from plaintiff's negligent treatment for the injuries inflicted by the initial tortfeasor. In *Transports, Inc. v. Perry*, 414 S.W.2d 1 (Tenn. 1967), our Supreme Court said:

> This Court, like most others, recognizes that if one is injured by the negligence of another, and these injuries are aggravated by medical treatment (either prudent or negligent), the negligence of the wrongdoer causing the original injury is regarded as the proximate cause of the damage subsequently flowing from the medical treatment. *See Revell v. McCaughan*, 162 Tenn. 532, 538, 39 S.W.2d 269 (1931); *Shipley v. Wellwood Silk Throwing Mills*, 164 Tenn. 281, 47 S.W.2d 561 (1932); *Mallette v. Mercury Outboard Supply Co.*, 204 Tenn. 438, 450, 321 S.W.2d 816 (1959).

*Id.* at 4-5.

Of necessity, appellee on retrial would present evidence concerning all of the post-operative occurrences for which damages are sought. The issue of the physician's negligence for the post-operative treatment is so interwoven with the question of damages incurred because of such treatment, we believe that the circuit court correctly determined that there should be a trial on all issues. This Court, as our Supreme Court in *Ennix, supra*, has determined that "we find no indication that bifurcation of the issues was necessary to avoid juror confusion, protect a party from prejudice, or promote judicial efficiency." 703 S.W.2d at 140. Therefore, we find no abuse of discretion on the part of the trial court and order a retrial on all of the issues.

Accordingly, the order of the circuit court is affirmed, and the case is remanded to the circuit court for such further proceedings as may be necessary. Costs of the appeal are assessed to appellant, Lana Beavers, M.D., and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.