# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 9, 2014

## JAY JERNIGAN ET AL. v. CHARLES K. HUNTER ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 07C107      Hamilton Gayden, Jr., Judge

### No. M2013-01860-COA-R3-CV - Filed September 30, 2014

The parents of the decedent brought this wrongful death action against the individual who pled guilty to voluntary manslaughter of the decedent in a separate criminal proceeding. Following a bench trial, the trial court found the defendant directly and intentionally contributed to the wrongful death of the decedent, and entered judgment against the defendant in the amount of $250,000. The defendant raises numerous issues on appeal. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Charles K. Hunter, Nashville, Tennessee, Pro Se.

Tim L. Bowden, Goodlettsville, Tennessee, for the appellees, Jay Jernigan and Reah Hiett.

### OPINION

John R. Jernigan ("the decedent") died following an assault inside Christie's Cabaret on January 28, 2006, by two men who stabbed him seven times from his armpit to his torso on the left side of his body and beat him profusely. Charles K. Hunter was indicted for "unlawfully, intentionally, and with premeditation" killing the decedent, and his son, Bobby K. Hunter, was indicted on assault charges arising out of the same incident. Charles Hunter pled guilty to voluntary manslaughter of the decedent for "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). His son Bobby Hunter pled guilty to the lesser charge of aggravated assault.

Jay Jernigan and Rhea Hiett ("Plaintiffs"), as father and mother, and next of kin of the decedent, filed this wrongful death action against Charles Hunter and Bobby Hunter alleging they were liable for the decedent's death.[1] Both defendants represented themselves at trial.

Following a bench trial on December 12, 2012, and June 26, 2013, the trial court rendered a final order of judgment that reads in pertinent part:

> The Court heard the testimony and oral argument presented on behalf of the parties, read the depositions and reviewed the file in its entirety. There was conflicting deposition testimony about the events of January 28, 2006 and the roles of the participants in the incident(s) at issue in this lawsuit. The Court has a real concern about the training of the staff at Christie's Cabaret and the measures taken after discovering that [the decedent] had been seriously wounded. Evidence also strongly suggests that there was an unreasonable delay in the response time of emergency personnel following the reporting of the incident. However, notwithstanding those concerns, the Court hereby finds that the Plaintiffs have established by a preponderance of the evidence that the defendant, Charles K. Hunter, directly and intentionally contributed to the wrongful death of [the decedent] by stabbing him multiple times.
>
> Because of conflicting accounts of the events by witnesses and the erroneous identification by others of participants and of the deceased Plaintiff, there is insufficient evidence in the record to show that Bobby K. Hunter caused or contributed to the death of [the decedent].

The trial court entered judgment in favor of Plaintiffs and against Charles Hunter in the amount of $250,000; the claims against his son Bobby Hunter were dismissed. Charles Hunter filed a timely appeal and he is the only appellant.

---

[1]Plaintiffs' initial complaint was filed on January 11, 2007, and included the following additional defendants: Nashville's Entertainment, Inc. d/b/a Christie's Cabaret; the owner and unidentified employees of Christie's Cabaret, in addition to Charles Hunter and his son Bobby Hunter. Plaintiffs filed a second amended complaint on July 22, 2009, which added Brandon Q. Potts as a defendant, and identified two Christie's Cabaret employees. On July 8, 2010, Plaintiffs filed a notice of voluntary dismissal as to defendants, Defendants Bobby K. Hunter, and Brandon Q. Potts; the three defendants were dismissed, without prejudice, on July 13, 2010. Less than one year later, on July 8, 2011, Plaintiffs filed a third amended complaint reviving their claims against Charles Hunter and his son Bobby; no additional claims were brought against Mr. Potts. The claims against Christie's Cabaret were settled and an agreed order dismissing all claims against Christie's Cabaret, its owner and employees was entered on August 23, 2011.

**ANALYSIS**

We note at the outset that Charles Hunter ("Defendant") represented himself in the trial court and is representing himself in this court. "Pro se litigants are entitled to fair and equal treatment. Pro se litigants are not, however, entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citations omitted). "Prisoners and other non-lawyers who represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with." *Bowling v. Tennessee Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 n.6 (Tenn. Ct. App. Apr. 30, 2002) (citing *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000)).

This appeal is before the court on the technical record only (Tenn. R. App. P. 24(a) record) as we are favored with neither a transcript of the evidence pursuant to Tenn. R. App. P. 24(b) nor a Statement of the Evidence pursuant to Tenn. R. App. P. 24(c). It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal. Tenn. R. App. P. 24(a); *see also State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Ct. Crim. App. 1992). Mere statements of a party or his counsel, "which are not appropriate proffers or not effectively taken as true by the parties, cannot establish what occurred in the trial court unless supported by evidence in the record." *State v. Thompson*, 832 S.W.2d 577, 579 (Tenn. Ct. Crim. App.1991).

"In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *McKinney v. Educator and Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. App. 1977)). To the extent that resolution of the issues on appeal depend on factual determinations, the lack of a transcript or Statement of the Evidence is essentially fatal to the party having the burden on appeal. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (holding that without an appellate record containing the facts, the court must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings). Nevertheless, even without an evidentiary record, we may examine "those issues where appellate review is not hindered by the absence of a transcript or statement of the evidence." *Am. Express Centurion Bank v. Lowrey*, No. E2011-01247-COA-R3-CV, 2013 WL 937831, at *4 (Tenn. Ct. App. Mar. 11, 2013). Accordingly, issues that do not require "a careful review of the evidence presented to the trial court," may be considered. *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *9 (Tenn. Ct. App. June 26, 2012).

## ISSUES

Defendant has identified eight "issues" for our review; however, many of the so-called issues are merely argumentative statements, and some are incoherent, while others are, at best, inartful attempts to state issues that are appropriate for appellate review.[2] Defendant also appears to raise four additional issues within his brief which were not expressly identified as "issues."[3] In an attempt to comprehend issues the defendant is attempting to present for our review, we believe they can be identified as follows:

1.   Whether the evidence is sufficient to sustain the judgment against Defendant;
2.   Whether the complaint states a cause of action;
3.   Whether Defendant was entitled to appointed counsel to defend the wrongful death claim;
4.   Whether the trial court erred by failing to sever Plaintiffs' claims against the defendants;
5.   Whether the trial court ruled on Defendant's "numerous pending motions;"
6.   Whether James Michael Letner was a competent witness;
7.   Whether Plaintiffs have standing to bring this wrongful death claim on behalf of the son;
8.   Whether Plaintiffs' lawsuit was filed within the applicable statute of limitations; and
9.   Whether this action satisfies the requirements of the Federal Tort Claim Act.

We have also aligned these issues under three categories: (1) evidentiary issues; (2) legal issues; and (3) issues first raised on appeal. We will begin our analysis with the evidentiary issues.

---

[2]One example of the type of issues raised reads as follows:

VI.  Does the alleged parents of an unmarried son killed when he received multiple stab wounds to the right torso while being intoxicated and on Marijuana-THC that resulted in John Jernigan's death in order to recover from Appellant Hunter, when there was conflicting testimony about the events of January 28, 2006 and the roles of the participants in the incident?

[3]Tenn. R. App. P. 27(a)(4) expressly states that the brief of the appellant shall contain, under appropriate headings, "A statement of the issues presented for review." Although Defendant identified eight issues under the heading "Issues" in his brief, he also discussed four other issues which were not identified. Accordingly, Defendant failed to comply with the rule; nevertheless, we elected to address these "non-issues."

# I. EVIDENTIARY ISSUES

## A. Sufficiency of the Evidence

Defendant contends there was conflicting testimony concerning the involvement of other participants in the fight, and the presence of alcohol and marijuana in the decedent, and that the evidence was not sufficient to sustain the judgment against him.

The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Coakley*, 840 S.W.2d at 370 (citing *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (1969)). The burden is likewise on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this court can determine if the evidence does preponderate for or against the findings of the trial court. *Id.* The burden remains even though the appellant is a pro se litigant. *See id.*; *see also Reid v. Reid*, 388 S.W.3d 292, 294 (Tenn. Ct. App. 2012); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653-54 (Tenn. Ct. App. 1988). Defendant has failed to carry this burden; accordingly, this issue is without merit.

## B. Motion to Dismiss for Failure to State a Claim

Defendant attempts to challenge the sufficiency of the complaint in this appeal, contending that Plaintiffs' complaint failed to state a claim upon which relief can be granted pursuant to Tenn. R. Civ. P. 12.02(3) and (6); however, Defendant never filed a Rule 12.02(6) motion prior to trial. Moreover, in his "Motion to Dismiss," Defendant cites Rule 54.02, which is for summary judgment, and he did not comply with any of the provisions relevant to the filing of a motion for summary judgment.

The written motion to dismiss was filed after the first day of trial and before the second day of trial. A Rule 12.02(6) motion must be filed before a responsive pleading is filed. *See* Tenn. R. Civ. P. 12.02. Defendant filed an answer to the complaint prior to trial; thus, the motion was untimely and the issue concerning the sufficiency of the complaint was waived. If we were to treat the motion as a Rule 41.02(2) motion to dismiss at the close of Plaintiffs' proof, it is still without merit because we have no evidence to review to determine whether the motion should have been granted. As stated above, to the extent that resolution of an issue depends on factual determinations, the lack of a transcript or Statement of the Evidence is essentially fatal to the party having the burden on appeal. *See Sherrod*, 849 S.W.2d at 783 (holding that without an appellate record containing the facts, the court must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings). Thus, the issue is without merit.

We will now address Defendant's legal issues as we may examine "those issues where appellate review is not hindered by the absence of a transcript or statement of the evidence." *Am. Express Centurion Bank*, 2013 WL 937831, at *4.

## II. LEGAL ISSUES

### A. Defendant's Right to Appointed Counsel

Defendant asked the court to appoint counsel to represent him several times throughout the course of litigation; each request was denied by the trial court. "With the exception of certain proceedings involving the termination of parental rights, it is now well-settled that there is no absolute right to counsel in a civil trial." *Bell v. Todd*, 206 S.W.3d 86, 92 (Tenn. Ct. App. 2005) (citations omitted). Unlike indigent criminal litigants, an indigent civil litigant, possess neither the constitutional nor the statutory right to court-appointed counsel. *Id*. (citing *Hessmer v. Miranda*, 138 S.W.3d 241, 245 (Tenn. Ct. App. 2003); *Coakley*, 840 S.W.2d at 372; *Lyon v. Lyon*, 765 S.W.2d 759, 763 (Tenn. Ct. App. 1988)). Therefore, Defendant's claim that he was entitled to appointed counsel is without merit.

### B. Pending Motions

Defendant contends the trial court failed to rule on his "numerous pending motions" filed in the trial court; however, the specific motions to which Defendant refers are not identified in his brief. Although an appellate court has "no duty to exhaustively search this record to verify unsupported allegations in a brief," *Whitaker*, 32 S.W.3d at 227-28, we have reviewed the record and find the trial court was extremely liberal in the construction of Defendant's pleadings and properly addressed Defendant's motions, evidenced by its orders entered on (1) March 7, 2012, denying Defendant's motion for transportation to the hearing on Plaintiffs' summary judgment motion, and, instead, allowing Defendant to participate by teleconference; (2) May 1, 2012, denying Defendant's motion for appointment of counsel and denying Plaintiffs' summary judgment motion; (3) August 21, 2012, denying Defendant's motion to sever and his second motion for appointment of counsel; (4) April 17, 2013, denying Defendant's motion to ascertain; (5) July 31, 2013, final order of judgment denying Defendant's motion to dismiss the claims against him and rendering judgment in favor of Plaintiffs. Defendant has therefore failed to establish that any substantive motions were not properly addressed by the trial court; accordingly, we find no error.

## C. Separate Trials

Defendant filed a motion to sever the claims against his son with those against Defendant pursuant to Tenn. R. Civ. P. 42.02 on May 9, 2012. The trial court's memorandum opinion entered on August 21, 2012, addressed the motion as follows:

> [T]he defendants request that the two cases be severed . . . to "protect the Constitutional Rights of Defendants." [Tenn. R. Civ. P.] 42.02 gives the Court discretion to determine if it is appropriate to order a separate trial. The Court denies the defendants' motions to sever in this case. The defendants do not set forth any specific reasons in their brief why they would suffer any prejudice if the cases are not severed. In addition, each defendant is a necessary witness to testify as to the matter at hand and depending on the proof at the trial; the fact finder may need to allocate percentages of fault against each defendant. For all these reasons, the Court finds that this is not an appropriate case in which to sever the claims against each defendant.

"The court for convenience or to avoid prejudice *may* . . . in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues." Tenn. R. Civ. P. 42.02 (emphasis added). The Tennessee Supreme Court has emphasized that "the interests of justice will warrant a bifurcation of the issues in only the most exceptional cases and upon a strong showing of necessity." *Edmondson v. Coates*, No. 01-A-01-9109-CH00324, 1992 WL 108717, at *14 (Tenn. Ct. App. May 22, 1992) (quoting *Ennix v. Clay*, 703 S.W.2d 137, 139 (Tenn. 1986)). "The wording of the rule indicates the decision whether to order separate trials is left to the discretion of the trial judge. The only guideline articulated in the rule is 'for convenience or to avoid prejudice.'" *Id*. Accordingly, we will review the trial court's decision under the abuse of discretion standard.

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (internal citations omitted).

Additionally, although raised as an issue within his brief, Defendant failed to identify any specific reason why he contends he was prejudiced by the trial court's failure to sever

the claims against each defendant. In light of the record before us, we have concluded the trial court did not abuse its discretion in denying Defendant's motion to sever.

## D. Competency of Witness

Defendant contends that he objects to the testimony of James Michael Letner on grounds that the witness has alleged past criminal charges against him, mental health issues, and was "unreliable." Rule 601 of the Tennessee Rules of Evidence provides that "[e]very person is presumed competent to be a witness except as otherwise provided in these rules or by statute." Questions regarding a witness' competence should be raised when the testimony was first offered, so that the trial judge can consider the objection and rule on it. *State v. Powell*, C.C.A. 1091, 1989 WL 28728, at \*3 (Tenn. Crim. App. Mar. 29, 1989). Accordingly, the trial judge has the discretion to determine whether a witness is competent to testify. *State v. Carruthers*, 35 S.W.3d 516, 576 (Tenn. 2000) (citing *State v. Caughron*, 855 S.W.2d 526, 538 (Tenn. 1993)). This determination will not be disturbed on appeal absent an abuse of discretion. *Id.*

We note that the first time Defendant objected to the witness' competence was in his "Motion to Ascertain," which was filed nine days after the first day of trial. Without a transcript of the evidence or a Statement of the Evidence, we are unable to determine whether the question of the witness' competence was properly raised at trial. Moreover, "[a]n abuse of discretion can be found only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Eldridge*, 42 S.W.3d at 88. With no evidence to counter the presumption of correctness, we have no basis to conclude the evidence is insufficient to support the judgment of the trial court that the witness was competent to testify. Accordingly, we find no abuse of discretion in allowing the testimony of the witness.

## III. REMAINING ISSUES

As to the remaining issues, whether Plaintiffs have standing to bring the wrongful death claim on behalf of the decedent, whether Plaintiffs' lawsuit was filed within the applicable statute of limitations, and whether this action satisfies the requirements of the Federal Tort Claim Act, we turn to the well-established principle that if an issue is not properly raised in the trial court, it cannot be raised for the first time on appeal. *Dulin v. Dulin*, No. W2001-02969-COA-R3-CV, 2003 WL 22071454, at \*4 (Tenn. Ct. App. Sept. 3, 2003); *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983)). We have concluded that Defendant did not properly raise these issues to the trial court judge. Therefore, these issues are without merit.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Defendant, Charles K. Hunter.


_____
FRANK G. CLEMENT, JR., JUDGE